# Richmond.

OFFTENDINGER v. FORD & ALS.

MAY 8th, 1890.

86 917
87 275

86 917
90 269

86 917
s92 637

1. ATTACHMENTS—*Return.*—The return must show that the attachment was levied on the property of the defendant in order to make it valid. *Hope* v. *Robertson,* 83 Va., 124.

2. RECORD—*Certificate of clerk.*—A paper which does not appear in the record to have been relied on, cannot be made part of record by the clerk's certificate. *Karn* v. *Hickson,* 80 Va., 589.

3. APPELLATE JURISDICTION—*Case at bar.*—If decree appealed from was rendered within the statutory period of appeal, this court has jurisdiction, though the decree was on a petition to reverse a former decree pronounced anterior to the said period.

Appeal from decree of hustings court of Lynchburg in an attachment suit wherein J. A. Ford and W. F. Matthews were plaintiffs, and the plaintiff in error, H. J. Offtendinger, was defendant. Opinion states the case.

*John M. Payne* and *Jos. Christian,* for the plaintiff in error.

*A. H. Burroughs* and *Kirkpatrick & Blackford,* for the defendants in error.

HINTON, J., delivered the opinion of the court.

On the 22d day of August, 1887, the plaintiffs, J. A. Ford and W. F. Matthews, obtained from a justice of the peace an attachment for rent to become due, upon a complaint stating

that " H. J. Offtendinger intends to remove, is removing, and has removed his effects from the leased tenement aforesaid," &c. This attachment was returned on the same day, " Executed * * * by levying on the following property, to-wit : " (here follows a long list of articles described by name) and then, " *the lease of the said building for twelve months,*" " hotel and bar-room license for the city, year of 1887."

On the 3d day of September, the corporation court of the city of Lynchburg entered an order adjudging that the defendant was entitled to the sum of eleven hundred dollars, payable in instalments as mentioned therein, and his costs. On the 6th day of the same month another order was entered directing a sale of all the attached property on credit as to the lease and for cash as to the other property. At the same time Robins & Co., judgment creditors of Offtendinger, filed their petition, claiming that the plaintiffs had never levied on the lease and had no lien thereon, and that they had a lien on said lease by virtue of their execution issued upon their judgment on the 5th of September, 1887.

On the 9th day of September, 1887, John M. Payne filed his petition disputing the validity of the plaintiffs' attachment and claiming the property attached as trustee under a deed of trust from Offtendinger and wife to him, executed on the 24th August, 1885.

On the 8th day of October, 1887, R. G. H. Kean, city attorney for the city of Lynchburg, filed the petition of the city asking that certain taxes be allowed out of the proceeds of the sale of the property.

On the 30th of September, 1887, the defendant (Offtendinger) moved the court to quash the attachment, but no notice seems to have been taken of this motion until the 12th of December, 1887, when it was quashed, and the right to the proceeds of the sale of the property being determined by a jury in favor of Ford and Matthews, the court entered an order directing the same to be paid over to them, except the excess of $176 38,

which it directed should be paid over to Robins & Co. From this last mentioned judgment and order, Payne, trustee, took this writ of error. In his petition two errors are assigned:

1st. That the attachment is void because the return does not state that the property levied on was the property of the defendant.

2d. Because the levy was made, as shown by the return, *on one year of a five years' lease.*

The defendants in error, however, insisted that these objections, if there be anything in them, cannot now avail, for the reason that the appeal was not taken in time. They say that the order of September 3d finally determined the rights of the defendants, and that as the writ of error in this case was not allowed until the 4th December, 1887, that more than twelve months had elapsed before it was obtained. In this suggestion we do not concur. For no matter what might be the effect of that order standing by itself, it is plain in this case, as the petitions subsequently filed brought in question the propriety of that decree and might have resulted in overturning it, that it cannot have that effect. We therefore conclude that the order of December, 1887, is the final order in the case, and that the writ of error was allowed in time. We also think that the first assignment of error made by the defendants is valid for the reasons assigned by them, namely: because the return does not show that the property levied on was the property of the defendant. That this was necessary was decided by this court as far back as the year 1827, in the case of *Clay* v. *Neilson*, 5 Rand., 596, and the same doctrine has been since announced in the case of *Hoge* v. *Robertson*, 83 Va., 124. See, also, Wade on Attachments, sec. 144.

But the court is also of opinion, that as it nowhere appears from the record that the lease held by the said Offtendinger was for a term of five years, that the second assignment of error cannot be considered. It is true that the clerk certifies that a certain paper purporting to be a copy of a lease for five

years was found among the papers in the cause, but as has often been decided, the certificate of the clerk cannot make this paper a part of the record, and as it does not appear anywhere in the record to have been relied on, it cannot be treated as a part of the record. *White* v. *Toncray*, 9 Leigh, 347; *Cunningham* v. *Mitchell*, 4 Rand., 187; *Roanoke L. and Imp. Co.* v. *Karn & Hickson*, 80 Va., 589.

But for the reason before stated, the judgment complained of must be reversed and annulled, and that the attachment and the return of the officer levying the attachment in said proceedings mentioned, be quashed.

JUDGMENT REVERSED.