## Richmond

### LEARY V. BRIGGS.

January 16, 1913.

Absent, Keith, P.

1. BILLS OF EXCEPTION—*Pleas Stricken Out—Appeal and Error—Record.*—A plea that is stricken out by the court is as though it had never been tendered, unless it is made a part of the record by a bill of exception, or by an express order of the court, and if it is not a part of the record, then the action of the court in striking it out is not a subject of review in the appellate court, as nothing outside of the record can be looked to or considered. An entry on the order book that the defendant excepted to the action of the court in striking out his pleas cannot perform the function of a bill of exception, and does not make the pleas a part of the record. Such entry amounts to nothing more than saving the point.

Error to a judgment of the Circuit Court of Prince William county in an action of trespass. Judgment for the plaintiff. Defendant assigns error.

*Writ Dismissed.*

The opinion states the case.

*Robert A. Hutchinson,* for the plaintiff in error.

*C. E. Nichol* and *Bryan Gordon,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

At the same rules at which the declaration was filed in

this cause, the defendant in the trial court (and who is the plaintiff in error here) filed two pleas in abatement, which are in the words and figures following:

## PLEA No. 1.

"And the said defendant comes in his own proper person and says that the court ought not to have or take any further cognizance of the action aforesaid of the said plaintiff, because the said defendant says that at the time of the suing out of the writ in the said cause, March 14, 1911, and at the time of the filing of this plea there was pending in the said court a certain action at law in which the said Edwin M. Briggs was the sole plaintiff and the said Henry G. Leary was the sole defendant, which said action the said plaintiff in a plea of trespass sought to recover of the said defendant the sum of $5,000.00 damages, and that the said action was between the same parties, who are parties to this action, pending in the same court, and for the same cause, and having for its object the same object sought to be attained in this action. And the said defendant further avers that the said action has not been dismissed, but is now pending and undetermined in the said court. And this the defendant is ready to verify.

"Wherefore by reason of the said auter action pendant, the said defendant prays judgment of the said writ and declaration, that the same may be quashed."

## PLEA No. 2.

"And the said defendant comes, in his own proper person, and says that this court ought not to have or take any further cognizance of the action aforesaid of the said plaintiff, because the said defendant says that the sup-

posed writ which issued in this cause March 14, 1911, to commence the said action, did not issue from the clerk's office of the said court, but that the same was signed at some place other than the clerk's office of the said court, and is therefore void. And that no writ to commence the said, action has ever issued from the said clerk's office. And this the said defendant is ready to verify.

"Wherefore, by reason of the failure to commence the said action by a proper writ issuing from the said clerk's office, the said defendant prays judgment of the said writ and declaration."

At the next term of the court the plaintiff moved the court to strike out each of the pleas in abatement, which motion was sustained, and to which the order states the defendant excepted. The subsequent proceedings in the cause resulted in a verdict and judgment for the plaintiff. To that judgment this writ of error was awarded.

The only errors assigned are to the action of the trial court in striking out the said pleas.

The plaintiff insists that these assignments of error cannot be considered because no bill of exceptions was filed to the action of the court in striking out the pleas.

Under our decisions this objection seems to be well taken. In *White* v. *Toncray,* 9 Leigh (36 Va.) 347, it was held that pleas tendered by a defendant in an action at law and rejected by the court are not a part of the record unless made so by a bill of exceptions to the rejection of them, or by order of the court that they shall be made so. In that case the pleas had not been filed as in this, but were rejected by the court when they were tendered because they were not a part of the record. "The record," it was said in that case, "we are told, is made up of the writ (for the purpose of amending by it if necessary) ; the whole pleadings between the parties; papers of which profert is made or oyer demanded and such as have been specially submitted to the consideration of the court by

a bill of exceptions, a demurrer to evidence, or a special verdict, or are inseparably connected with some paper or evidence as referred to. These with the several proceedings at the rules or in court until the rendition of the judgment constitute the record in common law suits and are to be noticed by the court, and no others. *Mandeville* v. *Perry,* 6 Call (10 Va.) 78, 83." After showing clearly that the pleas tendered in that case were not parts of the record under the definition quoted, the president of the court said: "This brings me to remark, too, that even if the pleas had been spread upon the record and constituted a part of it, this court must take it that they were properly rejected, as the defendant did not except. His acquiescence in the rejection must be presumed, and as it is possible there may have been good reason for the rejection, that reason must be taken to have existed, as he did not call upon the court to sign a bill of exceptions, in which its reasons would have been stated." While the declaration of the court that even if the pleas had been filed and constituted a part of the record was *dictum,* wholly unnecessary to a decision of that case, that decision, including the *dictum,* has since been followed without question in cases where the pleas had been filed and were parts of the record, as well as in cases where they were merely offered to be filed.

In *Herrington* v. *Harkin's Admr.,* 1 Rob. (40 Va.) 591, 602-3, Judge Allen said: "In *White* v. *Toncray* it was determined that if the pleas be tendered by the defendant and rejected by the court and he take no exception to the rejection of them, he shall be presumed in the appellate court to have acquiesced. In this case, it is true, the record sets out that the pleas were filed, but this in view of the subsequent motion to reject and the action of the court I consider as a mere note of the clerk and as showing nothing more than that the pleas were tendered."

In *Fry* v. *Leslie,* 87 Va. 269, 12 S. E. 671, one of the

assignments of error was to the action of the trial court in striking out a plea in abatement filed at rules. In discussing that question the court said, Judge Lewis delivering the opinion: "But the plea is no part of the record. It was stricken out, and a plea that is stricken out by the court is as though it had never been tendered, unless it is made a part of the record by a bill of exceptions, or by an express order of the court, and if it is not a part of the record, then the action of the court in striking it out is not a subject of review in the appellate court, as nothing *de hors* the record can be looked to or considered. In this respect a plea stricken out stands upon the same footing as a rejected plea as to which the rule is well settled." To sustain the conclusion reached the opinion cites *White* v. *Toncray, supra; Harrington* v. *Harkins, supra; Bowyer* v. *Kervelt,* 2 Gratt. (43 Va.) 193; *Roanoke, &c. Co.* v. *Karn & Hickson,* 80 Va. 589; *Morrisett's Case,* 6 Gratt. (47 Va.) 673; *Lawrence's Case,* 86 Va. 573, 10 S. E. 840; *Offtendinger* v. *Ford,* 86 Va. 917, 12 S. E. 1. It was further said in that case that "it is true an entry on the order-book states that to the action of the court in striking out the plea the defendant excepted"; but that was nothing in effect but "saving the point," so to speak, and having the evidence of the fact entered of record. It cannot certainly perform the office of a bill of exceptions and, although the plea (or rather what purports to be the plea) is copied into the transcript by the clerk, that does not supply the defect." Citing numerous authorities sustaining that view.

The pleas in abatement not being a part of the record, the assignments of error based upon the action of the court in striking them out cannot be considered by this court, and those being the only errors assigned, this writ of error must be dismissed as improvidently awarded.

*Writ Dismissed.*