# Richmond.

## BANK OF BRISTOL V. ASHWORTH.

### November 22, 1917.

1. APPEAL AND ERROR—*Reversal—Want of Jurisdiction.*—Where the record shows that the trial court had no jurisdiction over the defendant, then a judgment against him is plainly wrong and must be reversed.

2. JURISDICTION — *Nonresidents* — *Foreign Corporation* — *Service of Process.*—The mere fact that a defendant is a nonresident does not oust courts of general jurisdiction of their jurisdiction over him, if he is found and served with process within the territorial limits of such court's jurisdiction. A foreign corporation, however, cannot be said to be "found" within a jurisdiction in which it does no business and has neither agent nor property; and domestic courts have no power to render judgments against them without voluntary appearance.

3. ABATEMENT AND REVIVAL—*Plea to the Jurisdiction—Record.*—Where defendant in due time filed its plea to the jurisdiction, and it was accepted and filed by the clerk at rules in the exercise of a ministerial and mandatory duty, it became thereby as much a part of the record as the declaration itself.

4. ABATEMENT AND REVIVAL—*Plea to the Jurisdiction—Objection to Plea not Equivalent to Motion to Strike Out.*—Where defendant in due time filed its plea to the jurisdiction and the same became a part of the record, it could only be expunged from the record on a motion to strike out, and an order of the court, on an objection of plaintiff to the plea, not rejecting the plea, but merely holding that the plea was not good, cannot be held to have supplied the place of the necessary motion to strike out. If there had been a formal motion to reject, such a motion would have been inappropriate because the plea had already become a part of the record.

5. PLEADING—*Rejection of Plea—Striking from Record.*—If a plea or any other paper is filed by the clerk, either in vacation or in term, without authority of law, the mere filing of it does not make it a part of the record, and a motion may thereafter be made to reject, just as if it had never been filed; but when,

as in the instant case, the plea is one which the law authorizes and requires to be filed at rules, it becomes essentially a part of the record, and requires as much certainty and positiveness of action to get it out as is required to bring something in which does not regularly belong in it. Before it was necessary for the plaintiff in error to bring the plea back into the record by a bill of exceptions, it was necessary for the defendant in error to take appropriate steps to strike it out.

6. PLEADING—*Construction—Relaxation of Technical Rules.*—To construe an objection to a plea to the jurisdiction as a motion to strike out, would be to relax one rule of practice, highly technical it is true, merely to give the other party the benefit of another rule none the less technical, and that too to defeat a substantial right.

7. ABATEMENT AND REVIVAL—*Plea to the Jurisdiction—Dilatory Pleas not Favored.*—A plea to the jurisdiction on the ground that the defendant was a foreign corporation, did no business, and had no office or place of business, in the State, and had no agent in the State upon whom process could be legally served, is not within the reason for which the law discourages mere dilatory pleas. The defense is not merely dilatory, and does not go merely to a question of venue within the State, but is of much more serious and far-reaching character.

8. APPEAL AND ERROR—*Bill of Exceptions—Pleas.*—An order of court holding that a plea to the jurisdiction was bad, is clearly a judgment upon the pleadings, and requires no exception to be stated in the order and no bill of exception to preserve the rights of the defendant thereunder, although a plea never authoritatively in the record, or being thus in is expressly stricken out, must be made the subject of a bill of exceptions, or an express order of the court, to make it a part of the record on appeal.

9. ABATEMENT AND REVIVAL—*Better Writ.*—It is true, as a general rule, that a plea in abatement must show a more proper or sufficient jurisdiction in some other court of the State wherein the action is brought. But this requirement cannot avail where the plea shows a condition of facts under which no court in the State has jurisdiction.

10. ABATEMENT AND REVIVAL—*Plea to the Jurisdiction—Appearance in Person or by Attorney.*—It was objected to a plea to the jurisdiction that it was not good in form because the defendant corporation appeared in person instead of by attorney. The commencement of the plea was, "Defendant, Bank of Bristol, Inc., for special plea * * * comes and says," thus complying with the form expressly authorized by statute for the com-

mencement of all pleas. Code, section 3269, and the signature of the plea was, "Bank of Bristol, Inc., *By* A. B. Whiteaker, attorney."

*Held:* That, the objection was not well founded in point of fact.

Error to a judgment of the Circuit Court of Washington county, in an action of trover. Judgment for plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Jno. J. Stuart* and *Pennington & Handy,* for the plaintiff in error.

*Hutton & Hutton* and *White, Penn & Penn,* for the defendant in error.

SIMS, J., delivered the opinion of the court.

J. S. Ashworth brought an action of trover against the Bank of Bristol, but did not describe the defendant as a corporation. The process was served on the president of the bank in this State, and there is no complaint here that the return of the officer on its face did not show due service. The defendant appeared at the rules and pleaded to the jurisdiction of the court on the ground that the defendant was a foreign corporation, did no business in this State, had no office or place of business here, and had no agent in this State upon whom process could be legally served. The clerk received and filed the plea and the plaintiff filed an objection, or objections, thereto, the character and scope of which do not appear in the record. At the succeeding term of the court the defendant further tendered a motion in writing to dismiss the case for want of jurisdiction of the court, and also tendered the affidavit of the president of the bank in support of its motion. The motion and

affidavit set up substantially the same facts as the plea. On February 9, 1915, the court decided the questions at issue between the parties by an order in the following words:

"This day came the parties by their attorneys, and thereupon the defendant, by its attorney, appeared specially to object to the jurisdiction of this court, and filed its motion to dismiss this case, said motion supported by the affidavit of J. H. McCue, president of defendant, Bank of Bristol, to which motion and affidavit plaintiff objected, and the court having maturely considered defendant's plea in abatement, and the plaintiff's objection thereto, filed at rules, and said defendant's motion and affidavit, and plaintiff's objection thereto, made this day, doth sustain the plaintiff's objection to said plea, and doth reject the same, and doth overrule defendant's motion to dismiss this case."

It will be observed that no exception is noted in the order to this ruling of the court, nor does the record anywhere disclose any objection to it. At a subsequent day during the same term, the defendant pleaded not guilty, upon which plea issue was joined and a trial had, and there was a verdict and judgment in favor of the defendant in error.

No bills of exception appear in the record, and the only errors assigned are the rejection of defendant's plea in abatement and the overruling of its motion to dismiss the case.

The case lies within very narrow limits. The plea presented a good defense, if it was in due form and was properly made a part of the record so that it can be inspected. The motion likewise presented a good defense, if that defense could be presented in that way, and the ruling of the court thereon was objected to and such ruling and the affidavit filed with the motion were properly made parts of the record. In other words, if the *record* shows that the trial court had no jurisdiction over the defendant, then the judg-

ment is plainly wrong and must be reversed. *Riverside & Dan River Cotton Mills* v. *Menefee,* 237 U. S. 190, 35 Sup. Ct. 579, 59 L. Ed. 910, and cases cited:

The mere fact that a defendant is a nonresident does not oust courts of general jurisdiction of their jurisdiction over them, if they are found and served with process within the territorial limits of such court's jurisdiction. A foreign corporation, however, cannot be said to be "found" within a jurisdiction in which it does no business and has neither agent nor property; and domestic courts have no power to render judgments against them without voluntary appearance.

It must be conceded that the defendant in due time filed its plea to the jurisdiction, and that the same thereupon became a part of the record. It was accepted and filed by the clerk at rules in the exercise of a ministerial and mandatory duty, and became thereby as much a part of the record as the declaration in the case. This being true, there was only one method, if strict rules of practice are to control our decision, by which it could be expunged from the record, and that was by a motion to strike out. No such motion was, in fact, ever made, nor indeed any motion at all in regard thereto. Some sort of objection, we know not what, evidenced solely by a bare reference thereto in the order of the court, was filed at rules, presumably after the plea was filed, and in sustaining that objection the order did purport to reject the plea; but the order must be construed in the light of the proceedings before the court, and when so construed it amounted manifestly to no more than holding that the plea was not good, and cannot be held to have supplied the place of the necessary motion to strike out. Even if there had been a formal motion to reject, as there certainly was not, such a motion would have been inappropriate because the plea had already become a part of the record. It is quite true that if a plea or any other paper

is filed by the clerk, either in vacation or in term, without authority of law, the mere filing of it does not make it a part of the record, and a motion may thereafter be made to reject, just as if it had never been filed; but when, as in this case, the plea is one which the law authorizes and requires to be filed at rules, it becomes essentially a part of the record, and requires as much certainty and positiveness of action to get it out as is required to bring something in which does not regularly belong in it. Before it was necessary for the plaintiff in error to bring the plea back into the record by a bill of exceptions, it was necessary for the defendant in error to take appropriate steps to strike it out, and this was certainly not done, unless we construe his objection to the plea as a motion to strike out. To do the latter would be to relax one rule of practice, highly technical it is true, merely to give the other party the benefit of another rule none the less technical, and that, too, to defeat a substantial right. We can see no reason for doing this. The defense here presented, though offered in abatement, is not, we think, within the reason for which the law discourages mere dilatory pleas. The defense is not merely dilatory, and does not go merely to a question of venue within the State, but is of a much more serious and far-reaching character. This latter proposition is universally recognized in the authorities, and is emphasized in the case of *Riverside & Dan River Cotton Mills* v. *Menefee,* 237 U. S. 190, 35 Sup. Ct. 579, 59 L. Ed. 910, to which many others of like import might, if necessary, be added.

This court is confronted with the necessity of interpreting the effect of the lower court's action upon the plea in question, in the absence of any motion at all by the defendant in error, either to strike out or reject. The order must be construed in the light of the proceeding upon which it was based, and this proceeding was a mere undefined objection. There was no warrant for and no virtue in filing

the objection to the plea at rules. The plea was authoritatively and legally in the record the moment it was filed, and the objection had no more force than if it had been offered for the first time in term. We think that the order of the court amounted to nothing more than holding that the plea was bad, and that it was, therefore, clearly a judgment upon the pleadings, which required no exception to be stated in the order and no bill of exception to preserve the rights of the plaintiff in error thereunder. 4 C. J. 110; 3 Ency. Pl. & Pr. 407; *Bennett* v. *Union Cent. Life Ins. Co.*, 203 Ill. 439, 67 N. E. 971, 973.

This conclusion does no violence to the established rule that a plea never authoritatively in the record, or being thus in is expressly stricken out, must be made the subject of a bill of exceptions, or an express order of the court, to make it a part of the record on appeal. We recognize the authority of *Fry* v. *Leslie*, 87 Va. 269, 12 S. E. 671, and *Leary* v. *Briggs*, 114 Va. 41, 76 S. E. 907, which may be said to go as far as any Virginia cases in the direction of the plaintiff's contention. In both of these cases the pleas had been filed at rules and were held not to be parts of the record, but they had first been expressly stricken out of it by the trial court. Some expressions in these cases might appear to sustain the view pressed upon us in this case, but in the light of the facts with which they were concerned we do not think they do so.

Having reached the conclusion that the plea in question is a part of the record, we may consider briefly the objections thereto. As already pointed out, no grounds of objection appear of record, but in argument two reasons have been urged against the form of the plea. The first of these is that it fails to give the plaintiff a better writ within this State. There is plainly no merit in this objection. "It is true, as a general rule, that a plea in abatement must show a more proper or sufficient jurisdiction in some other court

of the State wherein the action is brought. But this requirement cannot avail where the plea shows a condition of facts under which no court in the State has jurisdiction." *Deatrick* v. *State Life Ins. Co.,* 107 Va. 602, 59 S. E. 489. The second objection is that the plea is not good in form because the defendant corporation appeared in person instead of by attorney. Of this we deem it sufficient to say that in our opinion the objection is not well founded in point of fact. The commencement of the plea is, "Defendant, Bank of Bristol, Inc., for special plea * * * comes and says," thus complying with the form expressly authorized by statute for the commencement of all pleas. Code, section 3269. The signature of the plea is, "Bank of Bristol, Inc., *By* A. B. Whiteaker, attorney." This, we think, was a sufficient compliance with the rule invoked. The plea being good and a part of the record, we need not discuss the motion to dismiss.

The judgment will be reversed, and this court will enter an order overruling the objection to the plea and remanding the cause to the circuit court for further proceedings to be had therein not in conflict with the views herein expressed.

WHITTLE, P., and BURKS, J., dissenting.

*Reversed.*