Syllabus.

# Richmond.

## H. M. GAUSS v. COMMONWEALTH.

January 15, 1925.

1. NEW TRIAL—*Where there is Evidence Supporting a Verdict.*—A verdict cannot be set aside as against the evidence or without evidence to support it unless it is without supporting evidence or is contrary to the evidence.

2. INTOXICATING LIQUORS—*Transportation—Evidence Sufficient to Support Conviction.*—In the instant case accused had the reputation of being a violator of the prohibition law and had already been twice convicted of such violation. While driving with another in an automobile containing wine, obtained by the other, the automobile stopped nearly opposite the house of the accused and his companion left the car with a jar of wine partly concealed under his coat. Accused also left the car with a jar containing a reddish liquor and on seeing an officer ran into his house. Accused denied that he knew anything about the wine or that he had any of it under his arm, and gave an explanation of his presence in the automobile.

   *Held:* That the case presented a question of fact, and that the circumstantial evidence was sufficient to sustain the verdict of guilty.

3. INTOXICATING LIQUORS—*Prior Conviction—Proof of Prior Conviction— Appeal from Prior Judgment—Case at Bar.*—In the instant case accused was convicted of a violation of the prohibition law after having been twice previously convicted. Accused contended that there was no proof of the prior convictions as, though it appeared that he had been convicted in the trial court, the Commonwealth should have gone further and proved affirmatively that no writs of error had been allowed from either of these former convictions, and suggested that possibly writs of error might be still pending in these cases on the docket of the Supreme Court of Appeals.

   *Held:* That the judgment of the trial court in each case was a final judgment, and if either had been superseded in the Supreme Court of Appeals that court would know it, and examination of the records showed nothing as to one conviction and that a writ of error had been denied as to the other.

4. JUDICIAL NOTICE—*Record of Appellate Court.*—An appellate court will take judicial notice of its own records.

5. VERDICT—*Idem Sonans—Signature of Foreman—Case at Bar.*—In the instant case it was assigned as error that while one W. D. Poyner was sworn as a juror, the verdict is signed "W. D. Pointer, Foreman." *Held:* No error, as under the *idem sonans* doctrine this was immaterial.

6. VERDICT—*Signature of Foreman.*—When a verdict is returned in open court and there accepted, no signature by the foreman is necessary.

Error to a judgment of the Corporation Court, Number Two, of the city of Norfolk.

*Affirmed.*

The opinion states the case.

*W. L. Devany, Jr.,* for the plaintiff in error.

*John R. Saunders, Attorney-General, Leon M. Bazile, Assistant Attorney-General,* and *Lewis H. Machen, Assistant Attorney-General,* for the Commonwealth.

PRENTIS, J., delivered the opinion of the court.

Under an indictment charging that he had within one year feloniously transported ardent spirits in the city of Norfolk, having been twice previously convicted, once for unlawfully transporting ardent spirits, and again for unlawfully manufacturing, transporting, selling, offering, keeping, storing and exposing for sale, giving away, dispensing, soliciting, advertising and receiving orders for ardent spirits, the accused was convicted and sentenced to be confined in the penitentiary for one year.

1.    We are urged to reverse the judgment upon the ground that the evidence is insufficient to support the conviction.

[1, 2] To sustain this contention would be to usurp the province of the jury and to disregard the statute,

which forbids the setting aside of a verdict unless without supporting evidence, or contrary to the evidence. The undisputed facts of this case are that the accused had the reputation of being a violator of the prohibition law; that he had already been twice convicted of such violation, and that he drove through the streets of Norfolk in an automobile with one Sawyer; that the automobile contained wine which had been that morning obtained by Sawyer from a friend who lived outside of the city. There is a conflict of evidence as to whether the accused knew that Sawyer was transporting wine, but for the Commonwealth it is shown that the automobile stopped nearly opposite the home of the accused, that Sawyer left the automobile with a jar partly concealed under his coat, and that this jar contained a gallon of wine having an alcoholic content of ten per. cent; that the accused also left the automobile with a jar similar to that which Sawyer had, containing a reddish liquor, and that when he started across the street, apparently to his own home, he saw the police officer whom he knew and ran into his own home. Both of these jars were glass and unwrapped, and both with the liquid in them appeared to be identical. The accused testified that he got into the automobile to inquire of Sawyer on what day a certain case in which the accused was charged with violating the Harrison narcotic act (U. S. Comp. St. §§6287g—6287q) would be tried in the Federal court, in which case Sawyer was an adverse witness (of which charge he was afterwards acquitted); that he did not see the wine in the automobile and knew nothing about it, and had none under his arm. He admitted that he had been convicted on the two former occasions alleged in the indictment in this case, for violation of the prohibition law, and said that he had been thereafter acquitted on one occasion

for violation of that law when the chief witness for the prosecution here, Scarborough, the policeman, was the main witness against him.

We think that nothing more is necessary to be said than that the case presented a question of fact, and that the circumstantial evidence is sufficient to sustain the verdict.

[3, 4] 2.  It is said that there was no proof of the final conviction of the accused for a prior offense against the prohibition law.

The facts as to this, independent of his admission, are that he was found guilty of the unlawful transportation of ardent spirits and sentenced on December 20, 1922; that he asked for and was allowed time to apply for a writ of error to this court, and the execution of sentence was suspended for sixty days from that date.  It also appears that he was thereafter convicted of violation of the prohibition law on March 7, 1923. It is contended that the Commonwealth should have gone further and proved affirmatively that no writs of error had been allowed from either of these former convictions, and suggested that possibly writs of error might be still pending in these cases on the docket of this court.

As to this, it is sufficient to say that the judgment of the trial court in each case was a final judgment, and if either had been superseded in this court we would know it and take judicial notice thereof.  The records of this court disclose nothing as to the conviction of March 7, 1923, but as to the conviction of December, 1922, they show that a petition for a writ of error was presented and denied.  That an appellate court will take judicial notice of its own records appears to be well settled. *Dimmick* v. *Tompkins*, 194 U. S. 540, 24 S. Ct. 780, 48

L. Ed. 1110; *Bienville Water Supply Co.* v. *Mobile,* 186 U. S. 212, 22 S. Ct. 820, 48 L. Ed. 1132.

3.    The instructions are criticised, but they are carefully drawn; every instruction tendered by the accused, presenting his view of the evidence, was given and his legal rights were scrupulously respected by the trial court.

[5] 4.    Another assignment is that while one W. D. Poyner was sworn as a juror, the verdict is signed "W. D. Pointer, foreman;" and this is assigned as reversible error.    No authority is cited which supports this view, and many precedents can be cited to show, under the *idem sonans* doctrine, that this would be immaterial. Among them, *Pitsnogle* v. *Commonwealth,* 91 Va. 808, 22 S. E. 351, 50 Am. St. Rep. 867, in which this court has held that the name "Ed. Bolen" is *idem sonans* with "Edmond Bolden," and in *Butler* v. *News-Leader Co.,* 104 Va. 1, 51 S. E. 213, in which "Any O'Klay" was said to be *idem sonans* with "Annie Oakley" when somewhat carelessly pronounced.

[6] Moreover, it is perfectly well settled in this State that when a verdict is returned in open court and there accepted, no signature by the foreman is necessary. *Woods* v. *Commonwealth,* 86 Va. 933, 11 S. E. 799; *Hall* v. *Commonwealth,* 89 Va. 171, 15 S. E. 517; *Crump* v. *Commonwealth,* 98 Va. 833, 20 S. E. 760.

*Affirmed.*