# Staunton.

## B. C. Turner v. S. A. Smith.

September 17, 1925.

1. Appeal and Error—*Bill of Exceptions—Striking Out Plea in Abatement.*—Where a plea in abatement was not made a part of the record by a proper bill of exceptions, the action of the court in refusing to sustain the plea and striking it out cannot be considered on appeal.

2. Pleas—*Striking Out Pleas—Record—Bill of Exceptions.*—A plea that is stricken out by the court is as though it had never been tendered, unless it is made a part of the record by a bill of exceptions, or by an express order of the court; and, if it is not a part of the record, then the action of the court in striking it out is not a subject of review in the appellate court, as nothing *dehors* the record can be looked to or considered. In this respect, a plea striken out stands upon the same footing as a rejected plea.

3. Continuance—*Absence of Witness—Refusal of Continuance—Case at Bar.*—In an action for the debauchment of plaintiff's daughter, defendant asked for a continuance on the ground of the absence of a material witness. Defendant asserted that such witness would testify that on one occasion he had paid plaintiff's daughter $10 for the purpose of having sexual intercourse with her, and that he did have intercourse with her. This witness had been in attendance at previous terms of court, including the term at which the case was first tried. The witness was not used at the first trial. Neither defendant nor his counsel had ever asked the witness what he would state. There was nothing to show when the alleged intercourse took place—whether before or after plaintiff's daughter was seduced by defendant, and defendant's counsel declined to avow that the witness would state that it was previous to the alleged seduction.

   *Held:* That the motion to continue the case was properly overruled.

4. Appeal and Error—*Evidence as Part of the Record—Short-Hand Notes—Necessity of Bill of Exceptions.*—Evidence taken down and transcribed by a short-hand reporter is not a part of the record, and can only be made so by a proper bill of exceptions.

5. Appeal and Error—*Evidence as Part of the Record—Necessity of Bill of Exceptions.*—In no event can the evidence adduced upon the trial of an action at law become a part of the record, unless made so by proper bill of exceptions under the provisions of section 6252 of the

Code of 1919, or by proper certificate in lieu of bill of exception, as provided by section 6253.

6. BILL OF EXCEPTIONS—*Authentication—Signature of Judge.*—At the end of a bill of exceptions purporting to contain the evidence adduced at the trial, instead of the signature of the judge, there was a certificate of the short-hand reporter that the foregoing was a true copy of the evidence.

   *Held:* That the bill of exception was not properly authenticated as required by section 6252 of the Code of 1919.

7. APPEAL AND ERROR—*Record—Evidence—Necessity of Bill of Exceptions.*— The evidence is not a part of the record unless made so by a proper bill of exceptions. Under Code of 1919, section 6252, a bill of exceptions to be considered must be authenticated by the signature of the judge presiding at the trial.

8. APPEAL AND ERROR—*New Trial—Verdict Contrary to the Evidence— Bill of Exceptions Purporting to Give the Evidence not Properly Authenticated.*—The Supreme Court of Appeals cannot say that a verdict is contrary to the evidence or without evidence to support it, where the bill of exceptions purporting to set out the evidence in the case was not signed by the judge. On the contrary, the presumption of law is that the trial court based its action and its judgment on sufficient and legal evidence.

Error to a judgment of the Circuit Court of Dickenson county in an action of trespass on the case. Judgment for plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*W. S. Cox* and *G. Mark French*, for the plaintiff in error.

*A. A. Skeen*, for the defendant in error.

CAMPBELL, J., delivered the opinion of the court.

This is a common law action brought by S. A. Smith, plaintiff, against B. C. Turner for the debauchment of plaintiff's daughter.

The declaration contains only one count and avers the debauchment of the daughter and the relation of master and servant.

The first ground of error is the refusal of the court to sustain the plea in abatement filed by the defendant.

This plea alleges that the defendant was not a resident of Dickenson county but a resident of Scott county; that when process was served upon him he was not voluntarily in Dickenson county, but that he was brought there upon a criminal process.

The order dealing with the plea in abatement is so written as to be almost meaningless.

[1] Sufficient appears, however, to show that the plea was regularly filed at rules; that counsel for plaintiff moved the court to reject the plea and strike same from the record, upon the ground that defendant, prior to the filing of the plea in abatement, had sought and obtained a continuance of the case. This position seems to have been sustained and the plea stricken out. It is of little consequence, however, what action the court took in regard to the plea in abatement, as the record fails to disclose that the plea was made a part of the record by a proper bill of exceptions.

[2] In *Fry* v. *Leslie*, 87 Va. 274, 12 S. E. 671, 672, it is said: "But the plea is not part of the record. It was stricken out and a plea that is stricken out by the court is as though it had never been tendered unless it is made a part of the record by a bill of exceptions or by an express order of the court; and if it is not a part of the record then the action of the court in striking it out is not a subject of review in the appellate court as nothing *dehors* the record can be looked to or considered. In this respect a plea stricken out stands upon the same footing as a rejected plea, as to which the rule is well settled."

See *Leary* v. *Briggs*, 114 Va. 41, 76 S. E. 907; *Bank of Bristol* v. *Ashworth*, 122 Va. 170, 94 S. E. 469.

[3] The second ground of error is the refusal of the court to grant defendant a continuance of the case based on the absence of a material witness.

Bill of exception No. 1 shows the following:

"Be it remembered that on the calling of this case the defendant moved the court for a continuance on the grounds of an absent witness, whose name is_____ Smith. The evidence of this witness was stated to the court as follows:

"That, if present, counsel are advised that witness will state that on one occasion he paid Clare Smith $10.00 for the purpose of having sexual intercourse with, and that he did have intercourse with, her.

"Plaintiff opposed the motion for continuance and showed that defendant and his counsel had had this witness in attendance at previous terms of the court including the term at which this case was first tried; that he was not used as a witness at the former trial, and that neither the defendant nor his counsel had ever interested themselves in this witness sufficiently to ask him what he would state; that the witness had been in attendance at the present term, and still neither the defendant nor his counsel had taken the pains to ask this witness what he would state. Plaintiff further objected because there is nothing to show the materiality of this witness' statement; nothing to show when this alleged intercourse took place—whether before or after she was seduced by the defendant, the defendant's counsel declined to avow that the witness would state that it was previous to the alleged seduction.

"The counsel for the defendant stated to the court that neither he nor his client had talked to the witness, but that they had a written statement from another party who had talked with the witness, and

that upon the receipt of this information the witness was duly summoned and his attendance paid.

"Counsel further stated that the witness was called to the city of Roanoke for examination by the authorities of the Veterans Bureau, and for that reason could not be in attendance upon the court, but that they could secure his attendance at the next term of the court.

"The court overruled the motion and refused a continuance of the case."

The motion to continue the case was properly overruled.

The third, fourth, fifth, sixth and seventh grounds of error relate to the action of the trial court in admitting certain evidence; in refusing instructions offered by defendant; in giving instructions offered by the plaintiff, and in refusing to set aside the verdict because contrary to the law and evidence.

Upon an examination of the record we discover the following situation: On page 24, under the title "bill of exceptions No. 2," we find "be it remembered and the court doth certify that the plaintiff to maintain the issue on his part introduced the following evidence."

Then follows the purported evidence of four witnesses alleged to have been introduced by the plaintiff.

Then follows on page 55 of the record the statement that "the defendant in order to maintain the issue on his part introduced the following evidence_____." Following this statement is the purported evidence of several witnesses.

At the conclusion of the purported evidence on the part of the defendant, instead of the signature of the trial judge, we find this certificate:

"Virginia:   Dickenson county, to-wit:

"I, R. W. Wright, do certify that the foregoing is a

true copy of the evidence in the case of *S. A. Smith* v. *Basil C. Turner*, as taken by me in short-hand and transcribed to the best of my knowledge and belief.

"Given under my hand this 17th day of April, 1924.

"R. W. Wright."

[4] In *Tracy's Adm'x* v. *Carver Coal Co.*, 57 W. Va. 587, 50 S. E. 825, it is held that evidence taken down and transcribed by a short hand reporter is not a part of the record, and can only be made so by a proper bill of exception.

[5] In no event can the evidence adduced upon the trial of an action at law become a part of the record unless made so by proper bill of exceptions under the provisions of section 6252 of the Code, or by proper certificate in lieu of bill of exception as provided by section 6253.

[6, 7] Nowhere does it appear that "bill of exception No. 2" has been properly authenticated by the trial judge as is required by the mandatory provisions of the statute. In *Colby* v. *Reams*, 109 Va. 309, 63 S. E. 1009, Judge Harrison said: "Bill of exception No. 9, which was intended to make the evidence a part of the record, is not signed by the judge of the circuit court. The evidence is not a part of the record unless made so by a proper bill of exceptions. It is not a bill of exceptions, and fails of its purpose, unless it is authenticated by the signature of the judge presiding at the trial." Code, section 3385 (now 6252); *Blackwool Coal Co.* v. *James*, 107 Va. 656-60, 60 S. E. 90.

[8] In this state of the record we cannot say that the verdict is contrary to the evidence or without evidence to support it; on the contrary, the presumption of law is that the trial court based its action and its judgment on sufficient and legal evidence.

As the refusal and the giving of instructions must relate to and be based upon the evidence in the case it is unnecessary to consider this action of the trial court. The judgment of the trial court will be affirmed.

*Affirmed.*