# Richmond.

## MAX HELLER v. AMERICAN ALLIANCE INSURANCE COMPANY.

### January 19, 1928.

1. APPEAL AND ERROR—*Record—Pleading that has been Stricken Out.*—A pleading which has been stricken out by the court is as though it had never been tendered, unless made a part of the record by bill of exception, or by an express order of the court. It stands on the same footing as a pleading which has been tendered and rejected. It is no longer a court record, and hence cannot be considered on a writ of error.

2. APPEAL AND ERROR—*Record—Pleading that has been Stricken Out—Rule 24 of the Supreme Court of Appeals—Case at Bar.*—In the instant case pleas numbers 1 and 2 and a special replication to plea number 3, each filed by leave of court, were stricken out by the court. To which action of the court in striking out pleas numbers 1 and 2, the defendant by counsel excepted, and to the striking out of plaintiff's replication to plea number 3, plaintiff excepted. But in neither case was any bill of exception taken to the action of the trial court.

   *Held:* That pleas numbers 1 and 2 and the replication to plea number 3 were not parts of the record and could not be considered on appeal. Under Rule 24, however, recently adopted by the Supreme Court of
   • Appeals, the question here at issue cannot again arise on future trials.

3. APPEAL AND ERROR—*Limitation of Actions—Action on Insurance Policy—. Where Plaintiff Could Not Recover in Any Event Period of Limitation Immaterial.*—In the instant case, an action on a fire insurance policy, plaintiff claimed that the provision in the policy that the loss should not become payable until sixty days after notice and proof of loss, cut down the period within which suit might be brought to less than "one year after loss" and was void under section 4227 of the Code of 1919, and hence the limitation was five years.

   *Held:* That it was immaterial which of the limitations was applicable since the Supreme Court of Appeals held that in no event was plaintiff entitled to recover as he had been convicted and served a term in the penitentiary for burning the property covered by the policy.

4. FORMER ADJUDICATION OR RES ADJUDICATA—*Action on Fire Insurance*

*Policy—Judgment for Defendant on an Action on Another Policy on the Same Property on Ground that Plaintiff had been Convicted for Burning the Property—Case at Bar.*—The instant case was an action on a fire insurance policy.   Plaintiff had formerly brought another action upon another policy on the same property, which he had lost, because he had been convicted of burning the property in question.   It was conceded that both policies were on the same property and that it was destroyed by the same fire.   There was the same plaintiff in each action, though the defendants were different.

*Held:*   That there could never be a judgment on the merits for the plaintiff.

5.   JUDICIAL NOTICE—*Supreme Court of Appeals—Record of Prior Case—Case at Bar.*—Although in the instant case the evidence was not certified it was conceded at the bar that on the merits it was the same as that in a prior case before the Supreme Court of Appeals.

*Held:*   That the Supreme Court of Appeals would take judicial notice of the record in the prior case. :|

Error to a judgment of the Circuit Court of Rockingham county, in an action of assumpsit.   Judgment for defendant.   Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*Chas. A. Hammer,* for the plaintiff in error.

*George N. Conrad* and *McGuire, Riely & Eggleston,* for the defendant in error.

BURKS, J., delivered the opinion of the court.

This was an action of assumpsit upon a fire insurance policy on a stock of merchandise.   The parties joined issue on the plea of non-assumpsit and the defendant filed three special pleas.   Pleas numbers 1 and 2 set up the defense that the plaintiff burned the property and for this offense had been convicted and sentenced to the penitentiary.   Plea No. 3 set up the defense that

the plaintiff's claim was barred by the conventional limitation set forth in the policy, that suit should be brought "within twelve months next after the fire." On motion of the plaintiff the trial court struck out defendant's plea numbers 1. and 2 but refused to strike out plea No. 3, and thereupon the plaintiff replied specially to plea No. 3, but thereafter, on the motion of the defendant, the court struck out the special replication and the plaintiff declined to make any further replication, and the court gave judgment on the plea for the defendant. Pleas numbers 1 and 2, and the special replication, were each filed by leave of the court, but were afterwards stricken out by the court. "To which action of the court in striking out pleas numbers one and two, the defendant by counsel excepted," and to its action in striking out the plaintiff's replication to plea No. 3 the plaintiff excepted. In neither case was any bill of exception taken to the action of the trial court. The ruling on pleas 1 and 2 and on the replication to plea No. 3 stand on the same footing.

[1] Whatever may have been the views formerly entertained on the subject of the necessity of a bill of exception in such case, it is now well settled in this State that a pleading which has been stricken out by the court is as though it. had never been tendered, unless made a part of the record by bill of exception, or by an express order of the court. It stands on the same footing as a pleading which has been tendered and rejected. It is no longer a court record, and hence cannot be considered on a writ of error. *Fry* v. *Leslie,* 87 Va. 274, 12 S. E. 671; *Leary* v. *Briggs,* 114 Va. 411, 76 S. E. 907; *Turner* v. *Smith,* 143 Va. 206, 129 S. E. 367. This holding is not at all in conflict with *Driver* v. *Southern Ry. Co.,* 103 Va. 650, 49 S. E. 1000, and

*Bank of Bristol* v. *Ashworth*, 122 Va. 170, 94 S. E. 469,
relied on by the plaintiff in error.   Indeed the last
mentioned case expressly refers to and recognizes the
authority of *Fry* v. *Leslie, supra,* and *Leary* v. *Briggs,
supra,* but a majority of the court were of opinion that
the pleas had been regularly filed and there had never
been any motion to strike.

[2] Pleas Nos. 1 and 2 and the replication to plea
No. 3 are, therefore, not parts of the record and can-
not be considered.   Under Rule 24, however, recently
adopted by this court, the question here at issue can-
not again arise on future trials.

[3, 4] The plaintiff contended that the provisions of
the policy that "the loss shall not become payable
until sixty days after the notice, ascertainment, estimate
and satisfactory proof of the loss herein required has
been received by the company," cuts down the period
within which suit must be brought to less than "one
year after loss," and was void under section 4227 of
the Code, and hence the limitation was five years.
The defendant took the contrary view.   The authori-
ties are in conflict.   14 R. C. L., page 1419, section 581,
and cases cited.   It is immaterial which of the limita-
tions is applicable since we have held that in no event
is the plaintiff entitled to recover as he was convicted
and served a term in the penitentiary for burning the
property covered by the policy.   *Eagle Star Ins. Co.* v.
*Heller, ante,* page 82, 140 S. E. 314.   It is conceded
that both policies were on the same property and that
it was destroyed by the same fire.   There was the
same plaintiff in each action, though the defendants
were different.   There could never be a judgment on
the merits for the plaintiff.

[5] Although the evidence in the instant case is not

certified it was conceded at the bar that, on the merits, it was the same as in *Eagle Star Ins. Co.* v. *Heller,* *supra,* of which we will take judicial notice.

The judgment of the trial court will be affirmed.

*Affirmed.*