# Richmond

## LEE LONG v. A. L. HAWSE.

January 15, 1931.

Present, Prentis, C. J., and Campbell, Holt, Epes and Gregory, JJ.

Tucker, Bronson & Mays and Scott, Lloyd & Scott, for the appellant.

Williams & Mullen, Cyrus W. Beale and Ralph T. Catterall, for the appellee.

EPES, J., delivered the opinion of the court.

A. L. Hawse instituted his action in the Law and Equity Court of the city of Richmond against Lee Long in December, 1928. The object of said action is to recover from Lee Long $52,403.34, which Hawse, in his notice of motion for judgment, alleges to be due from Long to him as the holder for value, in due course, of twelve negotiable notes drawn by said Long. Among other defenses, Long set up the defense that the execution and delivery of the notes were procured by fraud, of which fraud Hawse had notice at the time he became the holder of said notes.

On April 16, 1929, after the case had been set for trial, Long, acting in pursuance of section 6236, Code Va. 1919, filed a memorandum in the clerk's office of the Law and Equity Court, requiring the clerk of the court to issue a summons requiring A. L. Hawse to answer on April 20, 1929, three interrogatories therein set forth. The summons

was duly issued and served on Hawse, who, on the day set for the trial of the case, without answering said interrogatories, moved the court to quash the summons and relieve him from any requirements to answer said interrogatories.

The proceedings had on this motion are set forth in the order entered by the court on April 20, 1929, which reads in part as follows:

"This motion having been argued and the court indicating its intention to support the same, the defendant thereupon asked leave to withdraw the summons and the requirement to answer said interrogatories, and that the same be not made a part of the record. The defendant further indicated that it is desired to raise the matter of obtaining the evidence, sought through said interrogatories, by filing a bill of discovery, or otherwise as he may be advised; whereupon the court allowed the defendant, in the manner indicated, to withdraw the said summons and the interrogatories addressed to the plaintiff, and the said summons and interrogatories having been made a part of the record for consideration by the court are now ordered to be stricken from the record. The plaintiff excepted to the action and ruling of the court in allowing the defendant to withdraw the said summons and interrogatories and in failing to rule finally upon the same, said exception being on the ground that the attempt of defendant to obtain said information or evidence in this cause precluded defendant from withdrawing said attempt and thereafter seeking the same relief in another suit."

The court then continued the trial of said action to June 18, 1929, on the ground of the absence of a witness.

On June 14, 1929, four days before the day set for the trial of said common-law case, Long filed his bill in chancery in the Chancery Court of the city of Richmond, seeking a discovery from Hawse in aid of his (Long's) defense

of said action in the Law and Equity Court. In this bill Long prays that Hawse be required to answer the same three questions which had been propounded by him to Hawse in the summons to answer interrogatories issued in the action at law. The bill is a pure bill of discovery, and prays no other relief. It sets forth the said notice of motion for judgment filed by Hawse in the Law and Equity Court and the pleas and grounds of defense thereto filed by Long; but it makes no mention of the issuance of said summons to answer interrogatories and the proceedings had thereon.

Hawse demurred to said bill setting forth three grounds of demurrer, and also filed his plea No. 1, in which plea he set forth that Long had filed interrogatories in the common-law action for the discovery of the same matters and things for which Long in this bill seeks a recovery, and pleads that "section 6238 of the Code of Virginia therefore deprives this honorable court of jurisdiction in this case." A copy of the interrogatories filed in the common-law action, and of the order the court entered April 20, 1929, therein above quoted, are filed with and made a part of said plea.

The cause came on to be heard on the bill and the exhibits therewith filed, the demurrer and plea, and Long's motion to reject the plea. Whereupon the court decreed: "On consideration whereof the court being of opinion that the demurrer is well taken, doth sustain the same, and doth likewise sustain defendant's plea No. 1, and thereupon the bill of complainant is ordered dismissed."

From said decree an appeal has been allowed to Lee Long.

Section 6236, Code Va. 1919, provides that in an action at common-law any party may have a summons requiring an adverse party or claimant to answer any relevant interrogatories, which the person to whom they are propounded would be bound to answer upon a bill for discovery; and that the "answers to such interrogatories may be used as

evidence at the trial of the cause in the same manner and with the same effect as if obtained upon a bill of discovery."

Section 6237 provides that any party to a common-law action may, upon filing the prescribed affidavit, have a summons requiring an adverse party or claimant to produce any book of accounts or other writing in his possession.

Section 6238 reads as follows: "The two preceding sections shall not preclude a person, who does not file such interrogatories or affidavit, from exhibiting his bill in chancery for a discovery, as he might have done if the said sections had not. been enacted. *But a person filing such interrogatories or affidavit, shall not afterwards exhibit a bill in equity against the same party for the discovery or production of the same matters.*" (Italics ours.)

The purpose of section 6236 is to give a party to an action at law a simple and expeditious method of securing in his action at law the information which he might obtain by a bill of discovery in equity, and a proceeding under this section affords as full and ample relief as can be had under a pure bill of discovery.

A party to a common-law action may elect to proceed under section 6236 or by a bill in equity for a discovery; but if he elects to proceed under section 6236, then section 6238 prohibits his thereafter filing a bill in equity for the discovery of the same matters.

The appellant contends that when the summons to answer said interrogatories and said interrogatories were stricken from the record before any answer thereto had been filed, the case stood just as if the summons to answer the interrogatories had never been applied for or issued; and that, therefore, in contemplation of law no interrogatories have been filed in the common-law action. Appellant cites *Fry* v. *Leslie*, 87 Va. 269, 12 S. E. 671; *Leary* v. *Briggs*, 114 Va. 411, 76 S. E. 907; and *Bank of Bristol* v. *Ashworth*, 122 Va. 170, 94 S. E. 469, in support of this contention.

These cases merely hold that when a plea is stricken out it forms no part of the record of the case unless made a part of the record by order of the court or by bill of exception; and do not meet the point here in question, for here the fact of the filing of the interrogatories and the proceedings had thereon affirmatively appear from the order entered by the court.

█ What constitutes "filing" interrogatories within the meaning of section 6238 has not been heretofore passed upon by this court; and we do not find any decisions of this court which are of material aid in answering this question. But we think that the correct interpretation of this section is that such interrogatories have been filed when a summons to answer such interrogatories has issued and been served upon the party to whom such interrogatories have been propounded.

█ When the summons to answer interrogatories under section 6236 has been served, the election of the party who has had such summons issued has become irrevocable; and he is bound thereby and may not thereafter withdraw his filing of interrogatories and proceed by bill in equity. It would seem clear that section 6238 does not contemplate that a party to a common-law action may pursue his quest for information under section 6236 until the common-law court intimates that in its opinion he is not entitled to have the interrogatories propounded by him answered by the adverse party, and then withdraw them and seek a ruling upon the same questions from a court of equity.

█ While Hawse's plea No. 1 is not, strictly speaking, a plea to the jurisdiction, it partakes somewhat of the nature of a plea to the jurisdiction, as it goes to the very right of Long to exhibit a bill in equity for the discovery sought, whether the bill be good or bad as a bill of discovery. If this plea be good, then the bill, whether good or bad as a bill of discovery, should have been dismissed without

passing upon the questions raised by the demurrer, which are properly questions to be passed upon by the Law and Equity Court of the city of Richmond.

■ The court correctly dismissed the bill because Long, having elected to proceed under section 6236 is prohibited by section 6238 from filing this bill; but it should have left the question of the right of Long to have Hawse answer said interrogatories to be determined by the Law and Equity Court of the city of Richmond, which under section 6238 and by the election of Long had theretofore acquired jurisdiction to pass thereon to the exclusion of the Chancery Court.

The decree of the Chancery Court of the city of Richmond will be so amended that the second paragraph thereof will read as follows:

The court being of opinion that plea No. 1 herein filed is well plead, doth sustain said plea and dismiss complainant's bill, without prejudice, however, to the rights of Lee Long to file and propound to A. L. Hawse such interrogatories in the common-law action of A. L. Hawse against Lee Long now pending in the Law and Equity Court of the city of Richmond, that Long might have filed and propounded to Hawse had this bill not been filed in this court.

As so amended, the decree of the Chancery Court of the city of Richmond will be affirmed.

*Decree amended and affirmed.*