# Wytheville

## REID I. WEST, ADM'R, ETC. v. L. BROMM BAKING COMPANY, INC.

*June 11, 1936.*

Present, Holt, Hudgins, Gregory, Chinn and Eggleston, JJ.

The opinion states the case.

*Thomas A. Williams* and *L. C. O'Connor*, for the plaintiff in error.

*Aubrey R. Bowles, Jr., A. Scott Anderson* and *Willis D. Miller*, for the defendant in error.

GREGORY, J., delivered the opinion of the court.

A truck belonging to the L. Bromm Baking Company and operated by its servant, G. M. Duncan, on the highway between Petersburg and Richmond was driven off the traveled portion of the highway to the right for a distance of approximately ninety-nine feet where it struck and killed Dayton Shorter and Eugene W. West, who were standing some thirteen or fourteen feet from the road. In the trial court a verdict and judgment for the defendant resulted.

The defendant's truck was being driven in a northerly direction. The accident occurred in the afternoon of September 19, 1934, at a point on the highway known as Bellwood. Between Richmond and Bellwood the highway is a double drive; consisting of two lanes separated by a space upon which is laid the track of an electric car line. Each lane on the highway is designated for one-way traffic. From Bellwood south toward Petersburg there is a single wide pavement marked off into three traffic lanes. The accident occurred just about the point where the single pavement and the double drive-way join.

Duncan, the driver of the truck, was proceeding on the right-hand traffic lane in a northerly direction toward Richmond at a speed of thirty-five miles per hour. The weather was clear and the view of the road ahead was unobstructed.

A short distance before the point of the accident was reached Duncan testified that he was forced off the highway on the right-hand side by another automobile which was proceeding southwardly or from the opposite direction. He further testified that the other car was being

driven directly into his truck and that he had to get out of the way or be struck. He swerved his truck suddenly to the right to avoid a collision. This movement carried his truck on to the shoulder of the highway. The shoulder at this point was soft, having been newly constructed. After the truck had been driven on the shoulder, Duncan testified that he attempted to cut it to the left in order to avoid going over an embankment. In doing this his helper, a sixteen year old boy riding on the seat with Duncan, lost his balance and began to fall out of the truck on the right-hand side. Duncan testified that he "grabbed" for the boy first with his right hand and then with both hands, but he was unable to prevent the boy from falling out. In reaching for the boy Duncan lost his balance and for a short time lost control of the truck. Just after he regained his balance and control of the truck he saw two men standing directly in front of him, "staring at me; seemed as if they were sealed to the ground, and I gave one quick jerk and swung my truck from them. If they had jumped I would have—I hit them just after I pulled. If I had pulled a little over a foot farther I would have missed them." These men were the plaintiff's intestate, Dayton Shorter, and Eugene W. West. They were standing at a point between thirteen and one-half and fourteen feet east of the hard surface of the road on the right at or near a post hole which was on private property. The truck driver upon seeing the men testified that he attempted to avoid them by turning to the left. He did not avoid them, however, but struck them with the right front of the truck and instantly killed both of them. Then he drove the truck back to the hard surface to a point thereon which was a distance of approximately forty feet from where the men were struck. He testified that he did not put on his brakes or sound a horn on account of the emergencies he experienced, and that he was traveling thirty-five miles per hour or a little less from the time he left the highway until he drove back on the hard surface.

Duncan was corroborated in his testimony that he was forced from the highway by a southbound automobile. There are pictures and plats filed in the record showing the physical surroundings.

The attorneys for the defendant in error in their brief contend that Duncan was confronted with three emergencies. They say "that all three emergencies were encountered by the driver while covering about 100 feet of ground at a speed of approximately thirty-five miles per hour—fifty-two and one-half feet per second. The whole occurrence, from the moment the southbound car began to come over into the truck's lane of travel, presented a sudden and unexpected danger, as result of which the driver suddenly swerved the truck to the right, avoiding that car by swerving, then left to straighten it up, including the falling out of the helper and the driver's effort to hold him in, and the final sudden appearance of the two men standing in the truck's path and the unsuccessful third quick left turn of the truck to avoid them, and the striking of them all consumed a total space of time of not more than three seconds."

There are several assignments of error and considerable argument of points that were not properly brought before us under Rule XXII. Points argued here now that were not properly saved under the rule will be ignored. The fact that the judgment will have to be reversed and the case remanded for the error of the trial court in granting instruction "I," affords an additional reason why it will not be necessary to discuss other points.

The court below held that the evidence was sufficient to carry the negligence of the defendant to the jury. In this we agree.

Instruction I, is as follows:

"The court instructs the jury that, if you believe from the evidence that Dayton Shorter could have avoided being struck and killed by the exercise on his part of ordinary care for his own safety and that he failed so to do, and that such failure efficiently contributed in any degree

to cause his death, then the plaintiff cannot recover in this case and you must find your verdict for the defendant."

■ There was no substantial evidence of any contributory negligence on the part of the plaintiff's decedent. All that the defendant in error can point to and all that the record discloses is what might be remotely inferred from the testimony of Duncan, the truck driver, when he said they were "staring at me; seemed as if they were sealed to the ground, * * *." Just when they were "staring" at Duncan; how far they were from him at the particular time and whether it was possible for them to have avoided the truck by getting out of its path in time and just what they should have done is more or less speculative any conjectural. The testimony relied upon is possibly a scintilla of evidence but certainly it is not more. It was not sufficient to support an instruction on contributory negligence.

■ There was no duty upon Shorter to look out for this truck. He did not have to anticipate that it would be driven off the road and over in his direction. Of course if he had seen the truck coming directly towards him in time to have gotten out of the way it would have been his duty to have done so. But the truck left the highway only about ninety-nine feet from the place where Shorter was standing. After it left the highway the boy started to fall out. He was evidently falling because the driver was turning to the left to keep from going over the embankment and to get back on the road. Where the boy fell must have been an appreciable distance from where the truck left the road. The driver in attempting to hold the boy in the truck used both of his hands and lost control of the truck. After the boy fell, the driver says he regained his balance and control of the truck and saw the men "staring" at him.

■ The burden was upon the defendant to have produced evidence tending to show that Shorter saw the truck in time to have saved himself. Duncan does not

tell us how close he was when the men saw the truck or were staring at it. He must have been almost upon them when he saw them, for he only had about ninety-nine feet in all to run to reach them after leaving the highway and during the time required to run that distance at thirty-five miles per hour (which was less than two seconds), he was busily engaged in trying to hold the boy in the truck. While trying to do this he lost control of the truck but regained it and then he saw the men and attempted to avoid them. It would seem that he must have been very close to them when he saw them. There is no evidence which tends to show that Shorter saw the truck in time to have saved himself, therefore the instruction should not have been given.

■ ■ The defense of contributory negligence was completely ignored in instructions 1, 2 and 3, given at the request of the plaintiff. There were no exceptions made by the defendant to the failure to embrace the defense of contributory negligence in them, though they are finding instructions. No reference is made in these instructions to instruction "I" nor does instruction "I" refer to them. Of course all instructions should be read and considered together but a finding instruction which does not embrace an important defense would likely tend to confuse the jury. If there was evidence of contributory negligence the instruction should have been qualified in language of this kind or some other appropriate language: "Unless you further believe the plaintiff's decedent could have avoided being struck and killed by the exercise on his part of ordinary care for his own safety," etc.

■ Under well-established rules this court may refer to other records which are properly pending here. An appellate court will take judicial notice of its own records. *Gauss* v. *Com.,* 141 Va. 440, 126 S. E. 1; *Peterson* v. *Haynes,* 145 Va. 653, 134 S. E. 675; *Heller* v. *American Alliance Ins. Co.,* 149 Va. 262, 141 S. E. 138. In the case of *L. Bromm Baking Company, Incorporated* v. *Ada V. West,*

*Adm'x of Eugene W. West,* ante, p. 357, 186 S. E. 289, now pending here for decision (it having been previously argued and submitted) and which is the companion case to the one we are now reviewing, no defense of contributory negligence was urged, and no instruction was asked for by the defendant or given by the court on that defense.

The verdict of the jury is set aside for the error in giving instruction "I"; the judgment of the trial court reversed, and the case is remanded for a new trial.

*Reversed.*