## Richmond

JOSEPH PLUMMER v. COMMONWEALTH OF VIRGINIA.

April 26, 1971.

Record No. 7171.

Present, All the Justices.

*Melvin J. Radin*, for plaintiff in error.

*William P. Bagwell, Jr., Assistant Attorney General* (*Andrew P. Miller, Attorney General*, on brief), for defendant in error.

Per Curiam.

Joseph Plummer appeals his conviction in the court below under an indictment which charged that he "did unlawfully and feloniously have in his possession a certain tool, to-wit, an iron crowbar, known as a burglarious tool, with intent feloniously therewith, to commit burglary".

On December 14, 1967, about 9:45 P. M., two Norfolk policemen responded to a burglar alarm which emanated from the Norfolk Brass and Copper Company. Defendant, a former employee of the company, was apprehended as he crouched beside a trash dumpster. There was found on the ground between his legs a crowbar measuring 5½ to 6 feet in length. Approximately 20 to 30 feet from the defendant a hole had been chipped in the masonry wall of the company's building. Fragments of cement and brick were collected by

the police from four places—the ground, the hole in the wall, defendant's clothing and the blade, or cutting end, of the crowbar. Testimony disclosed that particles from each location were found to possess similar microscopic and physical properties.

Defendant was tried, convicted and sentenced by the court to two years in the penitentiary for "the possession of a burglarious tool", all of which is reflected by its final order dated September 19, 1968.

At the outset of the trial defendant filed a motion to quash and dismiss the indictment, alleging, in substance, that he had been previously convicted on March 26, 1968 for the attempted statutory burglary of the Norfolk Brass and Copper Company. He contended that a prosecution for the unlawful possession of burglarious tools would constitute double jeopardy, in violation of the Constitution of the United States, the Constitution of Virginia and the provisions of Code § 19.1-259. The action of the court below in overruling this motion is assigned as error.

An examination of both the original and printed record fails to disclose a copy of the indictment under which defendant alleges that he was convicted of attempted statutory burglary, a copy of the order of his conviction thereunder, or any other record from which we can ascertain the exact nature of the offense of which the defendant was convicted and which he alleges constitutes former jeopardy. *Dykeman* v. *Commonwealth*, 201 Va. 807, 113 S. E. 2d 867 (1960).

Defendant urges that we take judicial notice of the proceedings in the court below which resulted in his alleged prior conviction. "That an appellate court will take judicial notice of its own records appears to be well settled." *Gauss* v. *Commonwealth*, 141 Va. 440, 443, 126 S. E. 1, 2 (1925). It appears equally as well settled that we are without authority to take such notice of the records of the lower court. *Ballard & als.* v. *Thomas & Ammon*, 19 Gratt. (60 Va.) 14 (1868); 7 Mich. Jur. *Evidence* § 14, at 346 (1949); 29 Am. Jur. 2d *Evidence* § 58 (1967); and 5 Am. Jur. 2d *Appeal and Error* § 742 (1962).

We are therefore unable to consider defendant's principal assignment of error. We find no merit in his other assignments, and the judgment of the court below is

*Affirmed.*