**Wytheville.**

KRISE v. RYAN.

SAME v. CLARK.

JUNE 14th, 1894.

APPELLATE COURT—*Decision—Conclusiveness.*—Whatever is contained in the record on an appeal is supposed to have been passed upon, and whatever is passed upon here, and whatever might have been passed upon, in consideration of the record, is concluded and settled, and cannot be reopened by the lower court. *Campbell* v. *Campbell*, 22 Gratt., 640.

Argued at Richmond. Decided at Wytheville.

Appeal from two decrees of circuit court of city of Lynchburg in the suit of W. H. Ryan against P. A. Krise, and in the suit of W. E. Clark against same, rendered November 15, 1893. The decrees being adverse to the defendant, he appealed. Opinion states the case.

*A. H. Burroughs* and *Staples & Munford*, for appellant.

*Tucker & Ingram*, for appellee, Ryan.

*W. W. Henry*, for appellee, Clark.

LACY, J., delivered the opinion of the court.

These are subsequent second appeals in the cases of *Ryan* v. *Krise* and *Clark* v. *Krise*, decided in this court on the 16th

day of March, 1893, and reported in 89 Va., *Ryan* v. *Krise* on page 728, and *Clark* v. *Krise* on page 739, to which reference is made to fully explain the questions involved.

As will appear by an inspection of those cases, the circuit court was reversed for reasons then stated when the case went back to the circuit court. The appellant, Krise, in order to avoid the effect of the decrees in this court above referred to, moved that the case be remanded to the commissioner to retake the accounts, and reform the report, and filed in the Clark case an amended bill, which was asked to be considered as a bill of review, and prayed that the former decision in this court in these cases be reviewed and reversed by the circuit court, a petition for a rehearing here having already been filed and overruled.

And on the 15th day of November, 1893, the circuit court decreed that in so far as the said bill of P. A. Krise seeks to correct errors of law in the opinion and decrees of the Supreme Court of Appeals, it is inadmissible, and that it does not meet the requirements of review for after-discovered evidence, and being of opinion that the matters alleged in the said bill must be considered as passed upon and determined by the Supreme Court of Appeals in its said opinions and decrees, doth refuse the motion for a continuance, and doth dismiss the said bill in the Clark case. And being of opinion that it is precluded by the opinion and decrees of the Supreme Court of Appeals from passing upon the question of the finalty of the commissioner's report, or on any other defence set up by Krise, overruled his motion to refer the cases back to a commissioner, and rendered a decree in accordance with the opinion of this court in the said cases in the first appeal above referred to.

From this decree Krise appealed. The decrees, however, are plainly right and must be affirmed. The cases in this court are numerous and without dissent, that what is contained in the record on an appeal is supposed by the law to have been

passed upon, and whatever is passed upon here, or might have been passed upon on consideration of the record in question is concluded and settled. *Findlay* v. *Trigg*, 83 Va., 543; *Price* v. *Campbell*, 5 Call, 115; *Campbell* v. *Campbell*, 21 Gratt., 649, where it is said by this court: "An appeal from a decree brings up the whole proceedings in the case prior to the decree, and either party can have any error against him in these proceedings corrected without the necessity of a cross appeal in any case. If a party fail to complain of any such error, and a decree be made upon appeal without correcting or noticing the error, such party will be concluded by the decree from appealing afterwards." See *Stuart* v. *Palmer & Preston*, 80 Va., 625; *Lore* v. *Hash*, 89 Va., 277; *Ins. Co.* v. *Clemmitt*, 77 Va., 366; *Woodson* v. *Leyburn*, 83 Va., 847; *Carter* v. *Hough, Gray & Co.*, 89 Va., 503. "Matters once determined in this court cannot be reopened, and this is true whether actually adjudicated or not. If they could have been adjudicated in that suit they are equally settled." *Whittle* v. *Saunders*, 75 Va., 573; *McCullough* v. *Dashiell*, 85 Va., 41; *Findlay* v. *Trigg*, 83 Va., 542; *Effinger* v. *Kenney*, 79 Va., 551.

The decree complained of in these causes, and appealed from here, is in accordance with the foregoing cases and many others in this court, and is plainly right, and must be affirmed.

LEWIS, P., and RICHARDSON, J., dissented.

DECREES AFFIRMED.