# Richmond.

NORFOLK & WESTERN RAILWAY CO. v. DUKE & RUDACILLE.

January 23, 1908.

1. APPEAL AND ERROR—*Questions Necessarily Involved—Res Judicata—Jurisdiction of Trial Court.*—When this court decides a case on its merits and remands it to the trial court for a new trial, the jurisdiction of the trial court' is necessarily involved, and, after the period for rehearing in this court has passed, the decision of that question becomes the law of the case in all courts of the commonwealth. It is immaterial that the question of jurisdiction was not expressly presented and decided. It was necessarily involved.

2. APPEAL AND ERROR—*Questions Involved—Res Judicata.*—Where this court has approved an instruction which in effect construed the contract in suit to be severable, it is not error, on a second trial, for the trial court to refuse an instruction to the effect that the contract was entire.

3. CONTRACTS—*No Time for Performance—Reasonable Time—How Determined.*—If a written contract for the sale and delivery of railroad ties does not specify the time of performance, it is to be performed in a reasonable time, and what is a reasonable time is to be determined by placing the court and jury in the shoes of the contracting parties at the time the contract was entered into. In the case at bar, the uncertain condition of the labor market was the subject of comment at the time the contract was entered into, and hence it was not error to permit plaintiff to show the difficulty he had in securing labor, and the efforts he made to employ hands for the fulfilment of the contract.

4 CONTRACTS—*Performance—Reasonable Time—Evidence—Case at Bar.*—Upon the facts of this case, while neither scarcity nor inability to get hands or timber could *excuse* the plaintiff from the performance of his contract in a reasonable time, still evidence of such scarcity or inability was admissible, to be considered along with all the other evidence in the case, in determining what constituted

a reasonable time within which the plaintiff was to perform his contract.

5. VERDICTS—*Evidence to Support.*—This court will not set aside the verdict of a jury if there was sufficient evidence to sustain it.

Error to a judgment of the Circuit Court of Warren county in a proceeding by motion for a judgment for money. Judgment for the plaintiffs. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Downing & Weaver, Marshall McCormick, Theodore W. Reath* and *John H. Downing,* for the plaintiff in error.

*O'Flaherty & Fulton,* and *E. H. Jackson,* for the defendants in error.

BUCHANAN, J., delivered the opinion of the court.

This case was before this court in the year 1906, under the style of *Duke & Rudacille* v. *Norfolk & Western Ry. Co.* The proceedings in the case, up to that time, are stated in the opinion of the court, which is reported in 106 Va. 152-160, 55 S. E. 548.

The first error assigned in the petition for this writ of error is that, the proceeding being by motion upon notice under section 3211 of the code, the trial court had no jurisdiction in the manner and form in which it was invoked, under the decision of this court in *Wilson* v. *Dawson,* 96 Va. 687, 32 S. E. 461.

Whether this contention be correct or not cannot now be considered; for it is well settled that the decision of a case by this court is final and cannot be modified or reversed by any other court of the state, nor even by this court after the adjournment of the term at which it is rendered, except as au-

thorized by statute. The rendition of a judgment or decree settles the question of jurisdiction, and that and all other matters determined becomes *res judicata* with the finality of such judgment or decree; and this is true where the question raised upon the second appeal or writ of error was necessarily involved on the former appeal or writ of error, whether actually adjudicated or not. *Stuart* v. *Peyton,* 97 Va. 796, 813, 814, 34 S. E. 696, and cases cited; *Krise* v. *Ryan,* 90 Va. 711, 713, 19 S. E. 783.

The question of jurisdiction of the circuit court was not expressly presented and decided on the former writ of error, but it was necessarily involved, and when this court remanded the cause for a new trial, it, of necessity, determined that the circuit court had jurisdiction of the case.

The questions raised by the second, third, fifth and seventh assignments of error are also *res judicata,* being determined by the decision of the case upon the former writ of error.

The second error assigned is to the action of the court in refusing to instruct the jury, in substance, that the contract sued on was entire and not severable; and that if they believed from the evidence that the plaintiffs did not deliver all the ties called for in the said contract, then the verdict of the jury must be for the defendant, except as to the 1716 ties mentioned in the plaintiff's bill of particulars.

On the first trial, the jury were instructed as follows: "As to the law applicable to the claim for damages for a failure on the part of the defendant to carry out the contract on its part. where no ties have been tendered by plaintiffs, the court tells the jury that the liability of the defendant depends upon whether the limit prescribed by the defendant within which it would receive ties was a reasonable one. If the said limit of December 31, 1903, was not a reasonable one, then the plaintiffs are entitled to recover damages, the measure of which is fixed by the difference between the contract price and the mar-

ket price as of January 1, 1904, at the points of delivery specified in the contract, and by the number of ties of either class, not exceeding the number set out in plaintiffs' bill of particulars of each class capable of being delivered by plaintiffs within a reasonable time."

That instruction was approved by this court upon the former writ of error, except in so far as it stated that the measure of damages was the difference between the contract price and the market price of the ties. *Duke & Rudacille* v. *N. & W. Ry. Co., supra.* And while, by this instruction, the court did not tell the jury in so many words whether or not the contract was entire or severable, it in effect construed it to be severable, otherwise it could not have instructed the jury that in fixing the damages they must be governed "by the number of ties of either class, not exceeding the number set out in plaintiff's bill of particulars of each class, capable of being delivered by plaintiffs within a reasonable time."

The third and fifth assignments of error were to the action of the court in permitting the plaintiffs to show their efforts to purchase tracts of timber other than the three tracts mentioned in the bill of particulars.

This evidence, for the purpose of enabling the jury to determine what would constitute a reasonable time for the delivery of the ties, was admissible under the decision of this court upon the former writ of error, which approved instruction No. 3 given upon the first trial, and which was as follows: "The court tells the jury that what constitutes a reasonable time is left to them to be determined from all the evidence in the case. To this end they may consider the declaration of the parties plaintiffs, or of the agents of the party defendant, whether oral or written, whether previous to said contract or subsequent thereto, as well as the conduct of the said parties, plaintiff or defendant, subsequent to said contract, attaching such weight to such evidence as they may determine."

The fourth error assigned is based upon the action of the court in permitting one of the plaintiffs to testify that he had a great deal of trouble in securing hands during the summer after the contract was entered into, which was in April, 1903.

No time being specified in the contract within which the ties were to be delivered, the law implies that they were to be delivered within a reasonable time; and what is a reasonable time is to be ascertained, in such a case as this, by placing the court and jury in the same situation as the contracting parties were when the contract was entered into.

The rule and reason on which it is based are stated by Baron Alderson in *Ellis* v. *Thompson,* 3 Mees. & Welsby 445, one of the leading cases on the subject, as follows: "There is no specification in the contract as to the time when the delivery is to take place, and therefore the law would imply that the delivery should take place within a reasonable time. And it is a question for the jury at the trial; and this was the question put to them: How the reasonable time, which is an implied part of the contract, is to be ascertained. It seems to me that the correct mode of ascertaining it is, in such a case as this" (which was a contract for the delivery of two hundred tons of Bog Mine lead), "by placing the court and jury in the same situation as the contracting parties themselves were in, at the time they made the contract; that is to say, by placing before the jury all the circumstances which were known to both parties at the time the contract itself took place. By so doing you enable the court and jury to form a safer conclusion as to what is the reasonable time, which the law implies and under which the contract itself took place."

In Benjamin on Sales, section 683 (2nd Am. ed.), it is said, in discussing this question: "And when the sale is in writing, if nothing is said as to time, parol evidence is admissible of the facts and circumstances attending the sale, in order to determine what is a reasonable time."

Chitty (2 Chitty on Contracts, 1062-11 Am. ed.), says, that in such a case the law implies an engagement that the contract shall be "executed within a reasonable time, without reference to extraordinary circumstances." See also *Cocker* v. *The Franklin &c. Co.,* (J. Story), 3 Sumner, 530, 533; *Grant* v. *Merchants &c. Bank,* 35 Mich. 516, 523; *Hamilton* v. *Scully,* 118 Ill. 192, 198, 8 N. E. 767.

Under these authorities, the plaintiffs had no right to prove a change in the labor market in order to determine what was a reasonable time within which to perform their contract. It appears, however, from the record, that before or at the time when the contract was entered into, the plaintiffs called the attention of the defendant's agent to the fact that there was scarcity of labor, and that the agent said he knew it. The condition of the labor market was, therefore, a proper subject to be considered by the jury, and the court did not err in permitting the plaintiffs to show the difficulty they had in securing labor, and the efforts they made to employ hands during the following summer; for this was evidence of their conduct subsequent to the date of the contract, which, under the decision of this court upon the former writ of error, it was held either party had the right to prove.

Another assignment of error is to the refusal of the court to give the following instruction to the jury: "The court instructs the jury that neither the scarcity nor inability to get hands or timber can excuse the plaintiffs from a performance of their contract in a reasonable time."

That evidence was not admitted to excuse the plaintiffs from performing their contract within a reasonable time, but to be considered by the jury, along with all the other evidence in the case, in determining what constituted a reasonable time, as the jury were told in instruction No. 3 given by the court. The rejected instruction was correct as far as it went, but it was incomplete. It ought to have gone further and told the

jury that while those facts did not excuse the plaintiffs from performing their contract in a reasonable time, they were to be considered by the jury in determining what was a reasonable time in which to perform it.

The court refused to set aside the verdict as contrary to the evidence. This is assigned as error.

Without attempting a discussion of the evidence, which covers some two hundred pages of the printed record, it is only necessary to say that there is sufficient evidence to sustain the verdict of the jury.

The judgment complained of must be affirmed.

*Affirmed.*