## Staunton.

### A. T. PETERSON v. J. K. HAYNES, ET ALS.

September 23, 1926.

1. APPEAL AND ERROR—*Time of Petition for an Appeal—Certificate of Clerk Appended to the Record—Case at Bar.*—In the instant case the appellees moved the court to dismiss the appeal upon the ground that the certificate of the clerk appended to the record bore date of June 28, 1923, and that the record showed that the petition for an appeal was presented to one of the judges of the Supreme Court of Appeals on February 6, 1925, nearly eighteen months after the record was signed by the clerk. While it was true that the certificate of the clerk bore the date as contended, this fact was explained in affidavit filed by the clerk. This affidavit satisfactorily showed that counsel for the appellees were served with proper notice on February 6, 1925, and explained that the date as of June 28, 1923, instead of February 6, 1925, was an accident.

   *Held:* That the motion to dismiss should be denied.

2. JUDICIAL NOTICE—*Appeal and Error—Judicial Notice of Record.*—An appellate court will take judicial notice of its own records.

3. APPEAL AND ERROR—*Second Appeal—Law of the Case—Judges of Cities of the Second Class Holding Circuit Courts—Former Petition for an Appeal Refused—Case at Bar.*—In the instant case, a creditor's suit, appellant contended that a decree for a sale of lands in the Circuit Court of Scott county of May 9, 1923, was void, because entered by a judge of the Corporation Court of the city of Bristol, contending that the Constitution of the State prohibits judges of cities of the second class from holding circuit courts. It appeared from the records of the Supreme Court of Appeals that a former petition praying for an appeal from the decree of May 9, 1923, had been presented by appellant and refused.

   *Held:* That while the eligibility of the judge was not expressly presented and decided on the former petition for an appeal, it was necessarily involved, and could not be considered upon the present appeal.

4. APPEAL AND ERROR—*"Law of the Case"—Refusal to Grant Appeal.*—In addition to section 6348 of the Code of 1919, providing that if a petition for an appeal or a writ of error is rejected, on the ground that the judgment or decree complained of was plainly right, no other

petition shall afterwards be entertained, it is well settled that the refusal of the Supreme Court of Appeals to grant an appeal from the decree complained of determines "the law of the case."

5. LAW OF THE CASE—*General Rule—Distinguished from Res Judicata.*— Where there have been two appeals in the same case, between the same parties, and the facts are the same, nothing decided on the first appeal can be re-examined on the second appeal. Right or wrong, it is binding on both the trial court and the appellate court, and is not subject to re-examination by either. For the purpose of that case, though only for that case, the decision on the first appeal is the law. It differs from *res judicata* in that the conclusiveness of the first judgment is not dependent upon its finality.

6. CREDITOR'S SUIT—*Judicial Sales—Day in which to Redeem—Case at Bar.*— In the instant case, a creditor's suit, appellant complained that the decree directing a resale of his lands did not give him a day in which to redeem the land decreed to be sold. There was no merit in this assignment of error. When an appeal was refused appellant, he knew that either he must pay his debts or submit to a sale of his lands. It appeared that in the first decree of sale he was given forty days to redeem and sixty days within which to apply for an appeal.

7. CREDITOR'S SUIT—*Judicial Sales—Day in which to Redeem—Prejudice to Appellant—Case at Bar.*—In the instant case, a creditor's suit, appellant complained that the decree directing a resale of his lands did not give him a day in which to redeem the land decreed to be sold. The record did not disclose nor the petition allege that appellant was prejudiced by the failure of the court's decree to afford him a day to redeem. Unless this is made to appear, the error, if error it be, was harmless.

8. CREDITOR'S SUIT—*Judicial Sales—Day to Redeem—Time for Appeal.*— Where a decree in a creditor's suit directs a sale of land but fails to give the defendant a day in which to pay the sums decreed against him, the decree will not be set aside, when it has been suspended for sixty days at the instance of the defendant in order to enable him to apply for an appeal.

9. CREDITOR'S SUIT—*Judicial Sale—Decree Setting Forth Indebtedness for which the Land was Sold.*—In the instant case, a creditor's suit, it was assigned as error that the decree of sale did not set forth with accuracy and definiteness the indebtedness for which the land was sold. It is not the practice to incorporate in the decree a statement of the liens. To do so would unnecessarily encumber the chancery order book. The report of liens is the evidence of the indebtedness of the defendant, and to this report access is never denied one who is interested in the subject matter.

Appeal from a decree of the Circuit Court of Scott county. Decree for complainant. Defendant appeals.

*Affirmed.*

The opinion states the case.

*Hutton & Hutton* and *S. H. Bond*, for the appellant.

*W. S. Cox* and *S. W. Coleman*, for the appellee.

CAMPBELL, J., delivered the opinion of the court.

[1] Upon the calling of this cause the appellees moved the court to dismiss it upon the following grounds: (1) That the certificate of the clerk appended to the record bears date June 28, 1923; (2) that the record shows that the petition for an appeal was presented to one of the judges of this court on February 6, 1925, nearly eighteen months after the record was signed by the clerk.

There is no merit in the motion. While it is true that the certificate of the clerk bears date as contended, this fact is explained in an affidavit filed by the clerk which sets forth the proceedings had. This affidavit satisfactorily shows that counsel for appellees were served with proper notice on February 6, 1925, and explains the appearance of the certificate dated June 28, 1923, as follows: It was a certificate appended to a record upon which there was an application for an appeal, involving a controversy between the parties litigant; that after making copies of the former record he used the same certificate, failing to change the date from June 28, 1923, to February 6, 1925.

The motion to dismiss will be denied.

It appears that J. K. Haynes, in his own right and as administrator of the estate of B. V. Haynes, deceased,

and J. A. Jesse, Jr., filed their bill in equity in the Circuit Court of Scott county, against the appellant and others, in the nature of a general creditors' bill, having for its object the subjection of appellants' real estate to the payment of their debts and other lien debts against the real estate.

Appellant filed an answer and cross-bill, in which he admits the allegations of the bill of complainant as to the judgments of Haynes and Jesse, but denies that he is indebted to the Peoples Bank of Appalachia in the sum of $10,000, as set forth in a deed of trust executed to W. S. Cox, trustee, and which is alleged to be a lien upon the real estate of appellant.

Issue being joined, upon the call of the cause on the 5th day of May, 1922, the Honorable E. T. Carter, judge of the Circuit Court of Scott county, entered the following decree:

*"J. K. Haynes, et al.,*  }
        v.                    } In Chancery.
*"A. T. Peterson, et al.*  }

"The judge of this court being so situated in respect to the above styled cause as in his opinion to render it unfit that he should preside at the trial thereof, hereby enters of record the request that Hon. Floyd H. Roberts, judge of the Corporation Court of the city of Bristol, Virginia, shall hold the Circuit Court of Scott county, Virginia, for the trial of said cause or proceeding to be held at the court house of said county on the 5th day of May, 1922."

This action of the court was based upon the Acts of 1920, which provide that the judge of any circuit court, or of any city or corporation court of record may hold any circuit court, in any county, upon the request of the judge of the circuit court.

Pursuant to this authority, Judge Roberts entered a decree of reference, to ascertain the liens, real estate held by appellant, etc.

Upon the coming in of the report of the commissioner, exceptions were filed thereto, which were sustained, and the report recommitted.

Finally, on May 9, 1923, upon the coming in of the report, a decree was entered sustaining the report of the commissioner, adjudicating all questions in issue and directing that the lands of appellant be sold for the payment of his debts.

Pursuant to this decree, the lands were sold and report duly made to the court on January 5, 1924. This report was excepted to on the ground that the lands were sold for an inadequate price. This exception was sustained and a resale decreed upon the same terms as set forth in the former decree.

A resale of the property was had and report made, which, on the 7th day of August, 1924, was confirmed in toto by Honorable John J. Stuart, judge of the 23rd judicial circuit, who was holding court at the request of Judge Carter. To this report there was an exception filed as follows: "The report of sale is excepted to because Judge Floyd H. Roberts, of the Corporation Court of Bristol, Virginia, was without jurisdiction to enter any decree in this cause."

It is assigned as error that the court erred in entering the decree on August 7, 1924, in the following particulars: "In overruling the 4th exception to Commissioner Coleman's report filed March 24, 1924, because the decree for sale of May 9, 1923, was entered by Judge Floyd H. Roberts, of the Corporation Court of the city of Bristol, Virginia, and that the judge of the Corporation Court of the city of Bristol was without authority to sit and preside in the Circuit Court of Scott county, or to enter

any decree therein, the city of Bristol being a city of the second class, and the Constitution of the State prohibits judges of cities of the second class from holding circuit courts, therefore said decree and all other proceedings in said cause had and made by Judge Floyd H. Roberts, judge of the Corporation Court of the city of Bristol, are void and without effect."

[2] In *Gauss* v. *Commonwealth,* 141 Va. 440, 126 S. E. 1, Judge Prentis said: "That an appellate court will take judicial notice of its own records appears to be well settled."

[3] It appears from the records of this court that a petition praying for an appeal from the decree of May 9, 1923, entered by Judge Roberts, was presented to the judges of the appellate court and by them refused on December 10, 1923. After this refusal, an amended petition, pursuant to the provisions of section 6348 of the Code, was presented to the court. On January 23, 1924, the appeal was again refused and the following order entered:

"Virginia:

"In the Supreme Court of Appeals, held at the Library Building, in the city of Richmond, on Wednesday the 23rd day of January, 1924.

"The petition of A. T. Peterson for an appeal from and *supersedeas* to a decree pronounced by the Circuit Court of Scott county on the 9th day of May, 1923, in a certain chancery cause then therein depending under the style of J. K. Haynes and others against A. T. Peterson and others, having been refused by each of the judges in vacation, the petitioner, under section 6348 of the Code, tendered in open court his amended and supplemental petition praying for said appeal and *supersedeas,* and the court having maturely considered the

said amended and supplemental petition and the original petition, together with a transcript of the record, and being of opinion that the said decree is plainly right, doth reject said petitions, the effect of which is to affirm the decree of the said circuit court."

In this state of the record, whether the contention of the appellant be correct or not cannot now be considered. While the question of the eligibility of Judge Roberts to hold the Circuit Court of Scott county was not expressly presented and decided on the former petitions for appeal, it was necessarily involved, and when this court refused to allow an appeal from the decree complained of, it at least determined that the judge of the Corporation Court of Bristol was a *de facio* judge, and as such empowered to enter the decree determining the rights of the parties.

[4] By section 6348 of the Code it is provided that when an appeal is refused, "if the court shall deem the * * decree * * complained of *plainly righi* and reject the petition on that ground, the order of rejection shall so state, and no other petition therein shall afterwards be entertained." (Italics added.)

In addition to this statutory enactment, it is well settled that the refusal of this court to grant an appeal from the decree complained of determined "the law of the case."

In *United Staies* v. *Wm. R. Trigg Co.*, 115 Va. 276, 78 S. E. 543, Judge Harrison quotes with approval from *Barney* v. *Winona, etc., R. Co.*, 117 U. S. 228, 6 S. Ct. 654, 29 L. Ed. 858, the following: "We recognize the rule, that what was decided in a case pending before us on appeal is not open to reconsideration in the same case on a second appeal under similar facts. The first decision is the law of the case and must control its disposition; * *."

Right or wrong, this court has decided the question of jursdiction, as well as the correctness of the decree, and this decision is determinative of all questions with which Judge Roberts was connected.

[5] In *Steinman* v. *Clinchfield Coal Corporation,* 121 Va. 620, 93 S. E. 687, Judge Burks states the doctrine of "the law of the case" thus: "The doctrine, briefly stated, is this: Where there have been two appeals in the same case, between the same parties, and the facts are the same, nothing decided on the first appeal can be re-examined on a second appeal. Right or wrong, it is binding on both the trial court and the appellate court, and is not subject to re-examination by either. For the purpose of that case, though only for that case, the decision on the first appeal is the law. It differs from *res judicata* in that the conclusiveness of the first judgment is not dependent upon its finality. The first judgment is generally, if not universally, not final. The reason of the rule is twofold. First, after the rehearing period has passed, the appellate court has no power to change its judgment and the mandate for retrial removes the case from its jurisdiction. Second, it is necessary to the orderly and efficient administration of justice. It would greatly increase the labor of appellate courts and the costs to litigants if questions once considered and determined could be reopened on any subsequent appeal. The doctrine has been applied in many cases by this court, some of which are here cited."

[6] This brings us to a consideration of the second assignment of error. Appellant complains that the decree directing a resale of his lands did not give him a day in which to redeem the land decreed to be sold.

There is no merit in this assignment. When an appeal was refused appellant, on January 23, 1924, he knew that either he must pay his debts or submit to a

sale of his lands.    It appears, however, that in the first
decree of sale he was given forty days to redeem and also
sixty days within which to apply for an appeal.

[7] The record does not disclose nor does the petition
allege that the appellant was in reality prejudiced by
the failure of the court's decree to afford him a day to
redeem.    Unless this is made to appear, the error, if
error it be, will be treated as harmless.

In *Hall* v. *White*, 114 Va. 562, 77 S. E. 475, in the
syllabus, it is said:    "A decree for the sale of land which
fails to give defendant a day in which to redeem, even
where he is entitled to such a day, will not be reversed
for that reason, where it does not appear that the ques-
tion was raised in the court below and the record does
not show that he was in any way prejudiced thereby,
and the fair inference from the record is that he was not,
and could not have been, thereby prejudiced or injured."
*Crawford* v. *Weller*, 23 Gratt. (64 Va.) 851.

[8] In *Ashworth* v. *Tramwell*, 102 Va. 852, 47 S. E.
1011, it is held that where a decree in a creditor's suit,
which directs a sale of land but fails to give the defendant
a day in which to pay the sums decreed against him, will
not be set aside for that reason, when the decree has been
suspended for sixty days at the instance of the defendant,
in order to enable him to apply for an appeal.

The next assignment of error is that the court erred
in confirming the second sale because the property sold
for an inadequate price.    This assignment is only dis-
cussed incidentally in the petition and is without merit.
The report of the commissioner and the affidavits of dis-
interested parties tend to show that the land brought a
fair price.

[9] The last assignment of error is that the decrees of
sale do not set forth with accuracy and definiteness the
indebtedness for which the land was sold.

It is not the practice, so far as we are advised, to incorporate in the decree a statement of the liens.   To do so would unnecessarily encumber the chancery order book.   The report of liens is the evidence of the indebtedness of the defendant, and to this report access is never denied one who is interested in the subject matter.

There is no reversible error in the decree appealed from and, therefore, it is in all things affirmed.

*Affirmed.*