PRESENT:  All the Justices

LISA MILLER-JENKINS

v.   Record No. 070933                    OPINION BY
                                  JUSTICE BARBARA MILANO KEENAN
                                         June 6, 2008
JANET MILLER-JENKINS


                FROM THE COURT OF APPEALS OF VIRGINIA

       In this appeal, we consider whether the Court of Appeals

erred in directing a circuit court to register a custody and

visitation order rendered by a Vermont court, based on the

Court of Appeals' previous holding in the same custody and

visitation dispute that the federal Parental Kidnapping

Prevention Act, 28 U.S.C. § 1738A (2000 & Supp. V 2005),

requires that the courts of this Commonwealth give full faith

and credit to the Vermont order.

       In 2000, Lisa Miller-Jenkins (Lisa) and Janet Miller-

Jenkins (Janet) entered into a civil union (the civil union)

in Vermont that was permitted under Vermont law.[1]  Lisa and

Janet decided that Lisa would bear a child, and in April 2002,

after successful artificial insemination, Lisa gave birth to

IMJ[2] in Virginia.  Lisa, Janet, and IMJ lived together in

Virginia until July 2002, when they moved to Vermont, where

       ---

       [1] Because the parties have the same last name, we will
refer to them by their first names.
       [2] Because IMJ is a minor, we refer to her by pseudonym.

they lived until September 2003.  At that time, Lisa and IMJ returned permanently to Virginia over Janet's objection.

In November 2003, Lisa filed a petition in a Vermont family court (the Vermont court), seeking to dissolve the civil union and to gain custody of IMJ.  The Vermont court dissolved the civil union and entered a custody and visitation order (the Vermont custody order) granting temporary custody of IMJ to Lisa and temporary visitation rights to Janet. After initially allowing Janet to visit IMJ in June, Lisa thereafter refused to permit Janet to have contact with IMJ as required by the terms of the Vermont custody order.

On July 1, 2004, Lisa filed a petition in the Frederick County Circuit Court (the circuit court), asking the circuit court to determine that Lisa was IMJ's "sole parent" and seeking sole custody of IMJ.  On July 7, 2004, Janet filed a motion in the Vermont court seeking enforcement of the Vermont custody order and a determination that Lisa was in contempt of that court for her failure to abide by the terms of the Vermont custody order.  On July 19, 2004, the Vermont court entered an order holding that the Vermont court had continuing jurisdiction over all custody matters in the case, and that the Vermont court would not defer to an order entered by a court in another state purporting to resolve the issue of custody.

In August 2004, the circuit court entered an order temporarily awarding sole custody of IMJ to Lisa and ordered that IMJ not be removed from Virginia (the Virginia custody order). Because the Vermont custody order included a provision granting Janet scheduled visitation with IMJ in Vermont, the Virginia custody order was in direct conflict with the Vermont custody order. In September 2004, the Vermont court issued an order holding Lisa in contempt for violating the terms of the Vermont custody order.

In October 2004, the circuit court concluded that it had jurisdiction over the custody dispute and entered an order awarding sole custody to Lisa, holding that Janet did not have any parental rights, and that Lisa was IMJ's "sole" parent. In November 2004, the Vermont court issued a contrary order holding that Lisa and Janet were both "parents" of IMJ.

In January 2005, Janet appealed the Virginia custody order to the Court of Appeals (the first Virginia appeal). See Miller-Jenkins v. Miller-Jenkins, 49 Va. App. 88, 637 S.E.2d 330 (2006). In November 2006, the Court of Appeals reversed the circuit court's judgment entering the Virginia custody order, holding that the circuit court did not have jurisdiction to enter the order because the dispute was a "custody and visitation determination" subject to the provisions of the Parental Kidnapping Prevention Act, 28

U.S.C. § 1738A (2000 & Supp. V 2005) (the PKPA), which accorded Vermont sole jurisdiction over the custody and visitation dispute. Id. at 103, 637 S.E.2d 337-38. The Court of Appeals concluded that the provisions of the Defense of Marriage Act, 28 U.S.C. § 1738C (2000 & Supp. V 2005) (the DOMA), did not alter the applicability of the PKPA to the custody and visitation dispute, and that the PKPA preempted all state law to the contrary, including Code § 20-45.3 (the Marriage Affirmation Act). Id. at 102-03, 637 S.E.2d at 337.

The Court of Appeals further held in the first Virginia appeal that Vermont law governed the parties' dispute, and that the courts of Virginia were bound by Vermont's interpretation of its own law. Id. at 96-97, 637 S.E.2d at 334-35. Accordingly, based on its holding that Vermont had sole jurisdiction over the case, the Court of Appeals declined to address the issue whether the civil union would have been recognized under Virginia law. Id. at 103, 637 S.E.2d at 337-38.

Following the Court of Appeals' entry of judgment in the first Virginia appeal, Lisa filed a petition for appeal to this Court. We dismissed Lisa's petition because she failed to file a notice of appeal. Miller-Jenkins v. Miller-Jenkins, Record No. 070355 (May 7, 2007).

4

Meanwhile, in March 2005, Janet sought to register the Vermont custody order in the Juvenile and Domestic Relations District Court of Frederick County (the juvenile and domestic relations court). The juvenile and domestic relations court registered the Vermont custody order, and Lisa appealed that decision to the circuit court. The circuit court reversed the juvenile and domestic relations court's judgment mandating registration of the Vermont custody order.

Janet appealed from the circuit court's judgment to the Court of Appeals. In an unpublished opinion, the Court of Appeals summarily reversed the circuit court's order and reinstated the registration of the Vermont custody order, holding that this result was mandated by the Court of Appeals' decision in the first Virginia appeal. Miller-Jenkins v. Miller-Jenkins, Record No. 0688-06-4 (April 17, 2007). Lisa appeals from the Court of Appeals' judgment.

Addressing the merits of her appeal, Lisa argues that the Court of Appeals erred in concluding that the PKPA requires that Virginia courts give full faith and credit to the Vermont custody order. Lisa maintains that the DOMA, not the PKPA, is applicable in determining whether Virginia must accord full faith and credit to Vermont's child custody orders, and that the Court of Appeals erred in holding that the PKPA preempts the Marriage Affirmation Act and in not addressing whether the

5

PKPA also preempts Article I, § 15-A of the Constitution of Virginia (the Virginia Marriage Amendment). Lisa also contends, among other things, that both the Court of Appeals' judgment and the Vermont judgment violated her fundamental parental rights.

Janet argues, however, that this Court should not reach the merits of Lisa's appeal. Janet contends that Lisa's claims are barred by the "law of the case" doctrine because all the issues presented in this appeal were resolved by the Court of Appeals' decision in the first Virginia appeal, which Lisa failed to timely appeal to this Court. Janet maintains that the first Virginia appeal and the present appeal are the same "case," because the present appeal involves the same parties and the same issue of custody and visitation. Thus, Janet asserts that under the "law of the case" doctrine, the Court of Appeals' holding in the first Virginia appeal that the PKPA requires Virginia to give full faith and credit to the Vermont custody order was a binding adjudication that resolves the issues before us in the present appeal.

In response, Lisa contends that the "law of the case" doctrine does not apply to the present appeal, because the present appeal is not the same "case" that was before the Court of Appeals in the first Virginia appeal. According to Lisa, the issue in the first Virginia appeal was whether the

6

courts of Virginia had jurisdiction to entertain Lisa's custody petition, while the issue in the present appeal is whether the courts of Virginia must give full faith and credit to the Vermont custody order. Lisa further maintains that the Court of Appeals could not have addressed in the first appeal whether the PKPA preempted the Virginia Marriage Amendment, because that amendment was not effective when the Court of Appeals rendered its decision in the first appeal. We disagree with Lisa's arguments.

The "law of the case" doctrine is well established in the courts of this Commonwealth. Under this doctrine,

> [when] there have been two appeals in the same case, between the same parties, and the facts are the same, nothing decided on the first appeal can be re-examined on a second appeal. Right or wrong, it is binding on both the trial court and the appellate court, and is not subject to re-examination by either. For the purpose of that case, though only for that case, the decision on the first appeal is the law.

Steinman v. Clinchfield Coal Corp., 121 Va. 611, 620, 93 S.E. 684, 687 (1917); see Uninsured Employer's Fund v. Thrush, 255 Va. 14, 18, 496 S.E.2d 57, 59 (1998); Chappell v. White, 184 Va. 810, 816, 36 S.E.2d 524, 526-27 (1946); Kemp v. Miller, 160 Va. 280, 284, 168 S.E. 430, 431 (1933).

Pursuant to the "law of the case" doctrine, when a party fails to challenge a decision rendered by a court at one stage of litigation, that party is deemed to have waived her right

7

to challenge that decision during later stages of the "same litigation." See Kondaurov v. Kerdasha, 271 Va. 646, 658, 629 S.E.2d 181, 188 (2006). The "law of the case" doctrine applies both to issues that were actually decided by the court, and also to issues "necessarily involved in the first appeal, whether actually adjudicated or not." Kemp, 160 Va. at 285, 168 S.E. at 431; Searles v. Gordon, 156 Va. 289, 296, 157 S.E. 759, 761 (1931); Norfolk & W.R. Co. v. Duke, 107 Va. 764, 766, 60 S.E. 96, 97 (1908).

Our decisions applying the "law of the case" doctrine generally have involved litigation that has proceeded in a "linear" sequence to trial, appeal, trial on remand, and second appeal, all under the same set of pleadings. See, e.g., Lockheed Info. Mgmt. Sys. Co. v. Maximus, Inc., 259 Va. 92, 108, 524 S.E.2d 420, 429 (2000) (stating that issue decided in first case and not appealed was not subject to relitigation on remand); Kemp, 160 Va. at 284, 168 S.E. at 431 (holding that issues decided on appeal were binding law of case on remand). However, we have never limited the "law of the case" doctrine to litigation that occurs in such sequential fashion under one set of pleadings.

In our decision in Kondaurov, we explained that our application of the "law of the case" doctrine extends to "future stages of the same litigation." 271 Va. at 658, 629

8

S.E.2d at 188.  Thus, when two cases involve identical parties and issues, and one case has been resolved finally on appeal, we will not re-examine the merits of issues necessarily involved in the first appeal, because those issues have been resolved as part of the "same litigation" and have become the "law of the case."

Under the "law of the case" doctrine, courts assume without deciding that there may be error in the decision of the court below.  See Chappell, 184 Va. at 816, 36 S.E.2d at 527; Kemp, 160 Va. at 284, 168 S.E. at 431; Peterson v. Haynes, 145 Va. 653, 660, 134 S.E. 675, 677 (1926); Steinman, 121 Va. at 622, 93 S.E. at 688.  As a result, a decision that becomes the "law of the case" is adhered to only in the case in which it arose and does not become binding precedent in other cases.  See Chappell, 184 Va. at 816, 36 S.E.2d at 527; Kemp, 160 Va. at 284, 168 S.E. at 431; Steinman, 121 Va. at 622, 93 S.E. at 688.

With these principles in mind, we first decline Lisa's request that we consider the effect of the Virginia Marriage Amendment on the arguments presented in this appeal.  Lisa did not ask the Court of Appeals to consider the Virginia Marriage Amendment, despite the fact that it became effective on January 1, 2007, several months before the Court of Appeals issued its opinion in the present appeal.  In addition, Lisa

9

did not assign error in this Court to the Court of Appeals' failure to consider the Virginia Marriage Amendment. Therefore, we conclude that this part of Lisa's argument is procedurally barred. See Rule 5:17(c).

We also observe that Lisa's petition and brief filed in this Court contain the identical assignments of error that she presented in her petition to this Court in the first Virginia appeal. Because Lisa sought to appeal these same issues in the first Virginia appeal, we find no merit in her assertion that those issues were not before the Court of Appeals in the first Virginia appeal.

We have compared Lisa's arguments in the present appeal and the decision rendered by the Court of Appeals in the first Virginia appeal. We agree with the Court of Appeals' conclusion that each of the issues Lisa raises in this appeal was addressed and resolved in the first Virginia appeal. See Miller-Jenkins, 49 Va. App. 88, 637 S.E.2d 330 (2006); Miller-Jenkins v. Miller-Jenkins, Record No. 0688-06-4 (April 17, 2007).

The Court of Appeals' holding in the present appeal merely reflects the issues actually decided in the first Virginia appeal, including the issues whether the PKPA applied to the custody and visitation dispute and whether the Vermont custody order was entitled to full faith and credit. See

Kemp, 160 Va. at 285, 168 S.E. at 431; Searles, 156 Va. at 296, 157 S.E. at 761; Norfolk & W.R. Co., 107 Va. at 766, 60 S.E. at 97. Thus, we conclude that the "law of the case" doctrine prevents Lisa from reasserting the issues she raises in the present appeal because each of those issues was decided finally by the first Virginia appeal, which Lisa failed to perfect in this Court. See Lockheed, 259 Va. at 108, 524 S.E.2d at 429; Searles, 156 Va. at 295-96, 157 S.E. at 761.

Our conclusion is not altered by Lisa's argument that the "law of the case" doctrine is inapplicable to the present appeal because this appeal is not the same "case" as the first Virginia appeal. Although Lisa and Janet separately filed the cases from which the two appeals arose, both cases involved these same parties and sought adjudication of the same issue, custody and visitation regarding IMJ. The two Virginia appeals were part of the "same litigation" seeking to resolve the single question which custody order, the Vermont custody order or the circuit court's order, would govern the parties' custody and visitation dispute. See Kondaurov, 271 Va. at 658, 629 S.E.2d at 188.

Finally, we observe that the Court of Appeals' holding in the first Virginia appeal is binding under the "law of the case" doctrine only with respect to the parties and the issues in the case before us. See Chappell, 184 Va. at 816, 36

11

S.E.2d at 527; Steinman, 121 Va. at 620, 93 S.E. at 687. Thus, based on our holding that the Court of Appeals' decision in the first Virginia appeal is the "law of the case," we do not reach the merits of the underlying issues presented in this appeal. See Chappell, 184 Va. at 816, 36 S.E.2d at 527; Kemp, 160 Va. at 284, 168 S.E. at 431; Peterson, 145 Va. at 660, 134 S.E. at 677; Steinman, 121 Va. at 622, 93 S.E. at 688.

For these reasons, we will affirm the Court of Appeals' judgment.

Affirmed.

CHIEF JUSTICE HASSELL, concurring.

I join the opinion of the Court. However, I write separately to state that I have serious concerns about the Court of Appeals' opinion in the former appeal, Miller-Jenkins v. Miller-Jenkins, 49 Va. App. 88, 637 S.E.2d 330 (2006). I do not believe that this decision was correctly decided. Lisa Miller-Jenkins failed to perfect an appeal from that decision in the manner required by law, see Miller-Jenkins v. Miller-Jenkins, Record No. 070355 (May 7, 2007), and, therefore, this Court could not review that decision. As the majority correctly holds, the law of the case doctrine prohibits this Court from considering the merits of the former appeal in this proceeding.