COURT OF APPEALS OF VIRGINIA


Present:  Judges Beales, Alston and Senior Judge Annunziata
Argued at Alexandria, Virginia


LISA MILLER
                                                            MEMORANDUM OPINION[*] BY
v.        Record No. 0705-09-4                     JUDGE RANDOLPH A. BEALES
                                                               FEBRUARY 23, 2010
JANET JENKINS


FROM THE CIRCUIT COURT OF FREDERICK COUNTY
John R. Prosser, Judge

Mathew D. Staver (Rena M. Lindevaldsen; Liberty Counsel, on
briefs), for appellant.

Gregory R. Nevins (Rebecca K. Glenberg; Lamda Legal Defense &
Education Fund, Inc.; American Civil Liberties Union of Virginia
Foundation, Inc., on briefs), for appellee.


Lisa Miller (appellant) appeals from an order of the Circuit Court of Frederick County

granting the request of Janet Jenkins (appellee) that the Frederick County courts register and enforce

a Vermont order dated November 7, 2008,[1] directing visitation with a child, I.M.J.[2]  After

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] At oral argument, the parties represented to this Court that, since entering the November
7, 2008 visitation order, the registration and enforcement of which is the subject of the appeal in
this case, the Vermont court has entered another order, dated November 20, 2009, directing a
change in the custody of the child to appellee.  As both parties acknowledge, the November 20,
2009 order is not the subject of the appeal currently before this Court – instead, this appeal
involves the Frederick County Circuit Court's order of March 16, 2009 that allowed the
registration and enforcement of the Vermont court's visitation order entered on November 7,
2008.  Of course, as an appellate court of Virginia, we must proceed to consider the issues raised
on appeal in relation to the Virginia court's order allowing registration and enforcement of the
November 7, 2008 Vermont order rather than issues related to a subsequent order entered by the
same out-of-state court.

[2] As is this Court's practice, initials are substituted for the child's name in an attempt to
protect the child's privacy as much as possible.

reviewing the record and the previous litigation between these two parties, including the Supreme Court of Virginia's earlier direction to the lower courts in this case, we must find that the trial court correctly required the registration and enforcement of the Vermont order in this case.

## I.  FACTUAL BACKGROUND

A panel of this Court previously discussed the relationship between these parties in Miller-Jenkins v. Miller-Jenkins, 49 Va. App. 88, 91-94, 637 S.E.2d 330, 332-33 (2006) (hereinafter Miller-Jenkins I).  The Supreme Court of Virginia also discussed this background in Miller-Jenkins v. Miller-Jenkins, 276 Va. 19, 22-25, 661 S.E.2d 822, 824-25 (2008) (hereinafter Miller-Jenkins II).  We will not discuss these facts yet again here, but instead relate only those facts specifically relevant to this opinion.

On November 7, 2008, a Vermont court entered an order finding appellant in contempt of court for her failure to abide by a custody and visitation order previously entered by that court. This contempt order also included a specific schedule of visitation for the child, I.M.J., and appellee.  Appellee filed a petition with the Frederick County Juvenile and Domestic Relations District (JDR) Court to register and enforce this order.  The JDR court granted appellee's petition on January 14, 2009, without specifying a particular manner of enforcement, and appellant appealed to the circuit court.  The circuit court "affirmed" the JDR court's order on March 16, 2009.  Appellant then appealed the circuit court's March 16, 2009 order to this Court, and a panel of this Court heard oral argument from the parties on December 9, 2009.[3]

---

[3] Appellee filed a motion on January 12, 2010, requesting that we permit her to supplement the record.  Appellant filed a similar motion on January 26, 2010.  However, neither party provided any legal authority to support these requests to supplement the record.  Rule 5A:20(e) (requiring the parties to supply this Court with legal authority for their positions); see Woodfin v. Commonwealth, 236 Va. 89, 98, 372 S.E.2d 377, 382 (1988) (noting that generally appellate courts "are limited to the appellate record" and "are not permitted to supplement the record by referring to [other evidence] not made a part" of the original record); but see Rountree v. Rountree, 200 Va. 57, 62-64, 104 S.E.2d 42, 47-48 (1958) (noting that under certain circumstances, some "extrinsic evidence" can be considered by an appellate court based on the

## II. LEGAL BACKGROUND

In 2003, appellant filed a petition with a Vermont court,[4] asking, *inter alia*, for a determination of custody and visitation matters involving I.M.J., as between herself and appellee. The Vermont court subsequently entered an order that granted appellee some parental rights over I.M.J.

Appellant then filed a petition with the court in Frederick County, Virginia, asking that court to find that appellee had no parental rights in relation to I.M.J., in direct contradiction of the Vermont court's ruling. The trial court granted appellant's motion, and appellee appealed. A panel of this Court, after considering appellant's arguments regarding the applicability of two federal laws, the Parental Kidnapping Prevention Act (PKPA) and the Defense of Marriage Act (DOMA), and of the Virginia Marriage Affirmation Act (MAA), found that the Vermont court had jurisdiction over the case. Miller-Jenkins I, 49 Va. App. at 94-102, 637 S.E.2d at 333-37. This Court then "vacate[d] the orders of the trial court and remand[ed] this matter to the trial court with instruction to extend full faith and credit to the custody and visitation orders of the Vermont court." Id. at 103, 637 S.E.2d at 338. Appellant failed to perfect her appeal of this decision to the Supreme Court of Virginia because she failed to file a notice of appeal. Miller-Jenkins v. Miller-Jenkins, Record No. 070355 (Va. May 7, 2007).

---

particular evidence and the particular issue involved). In addition, as an appellate court, this Court cannot act as the factfinder in this case and, as such, cannot properly be the factfinder with regard to the factual representations that appellant and appellee now want to incorporate into this record. See Woodfin, 236 Va. at 98, 372 S.E.2d at 382. For these reasons, and because the continual progression of other litigation between these parties, which is not now before this Court, could result in constant requests to supplement this record *ad infinitum*, we deny both parties' motions to supplement the record.

[4] At the time appellant filed this petition, appellee lived in Vermont, where the parties had previously lived together, and appellant and I.M.J. lived in Virginia.

After the conclusion of Miller-Jenkins I, appellee filed a motion with the Frederick County court asking for the registration of a Vermont order that granted appellee visitation with I.M.J. When this motion was granted, appellant appealed to this Court. This Court affirmed the trial court's decision, Miller-Jenkins v. Miller-Jenkins, Rec. No. 0688-06-4, 2007 Va. App. LEXIS 158 (Va. Ct. App. Apr. 17, 2007), and appellant this time properly perfected an appeal of that decision to the Supreme Court of Virginia. Miller-Jenkins II, 276 Va. 19, 661 S.E.2d 822.

Although this subsequent appeal involved registration of an out-of-state order, rather than the jurisdiction of the Virginia courts over a petition to determine parental rights as was considered in Miller-Jenkins I, the Supreme Court found that, under the law of the case doctrine, the decision in Miller-Jenkins I controlled its resolution of the subsequent appeal. The Supreme Court explained:

> Our decisions applying the "law of the case" doctrine generally have involved litigation that has proceeded in a "linear" sequence to trial, appeal, trial on remand, and second appeal, all under the same set of pleadings. See, e.g., Lockheed Info. Mgmt. Sys. Co. v. Maximus, Inc., 259 Va. 92, 108, 524 S.E.2d 420, 429 (2000) (stating that issue decided in first case and not appealed was not subject to relitigation on remand); Kemp [v. Miller], 160 Va. [280,] 284, 168 S.E. [430,] 431 [(1933)] (holding that issues decided on appeal were binding law of case on remand). However, we have never limited the "law of the case" doctrine to litigation that occurs in such sequential fashion under one set of pleadings.
>
> In our decision in Kondaurov [v. Kerdasha, 271 Va. 646, 629 S.E.2d 181 (2006)], we explained that our application of the "law of the case" doctrine extends to "future stages of the same litigation." 271 Va. at 658, 629 S.E.2d at 188. Thus, when two cases involve identical parties and issues, and one case has been resolved finally on appeal, we will not re-examine the merits of issues necessarily involved in the first appeal, because those issues have been resolved as part of the "same litigation" and have become the "law of the case."

276 Va. at 26-27, 661 S.E.2d at 826. "Thus, we conclude that the 'law of the case' doctrine prevents [appellant] from reasserting the issues she raises in the present appeal because each of

those issues was decided finally by the first Virginia appeal, which [appellant] failed to perfect in this Court." Id. at 28, 661 S.E.2d at 827. In reaching this conclusion, the Supreme Court also explained:

> we first decline [appellant's] request that we consider the effect of the Virginia Marriage Amendment on the arguments presented in this appeal. [Appellant] did not ask the Court of Appeals to consider the Virginia Marriage Amendment, despite the fact that it became effective on January 1, 2007, several months before the Court of Appeals issued its opinion in the present appeal. In addition, [appellant] did not assign error in this Court to the Court of Appeals' failure to consider the Virginia Marriage Amendment. Therefore, we conclude that this part of [appellant]'s argument is procedurally barred.

Id. at 27, 661 S.E.2d at 826-27.

## III. ANALYSIS[5]

Although appellant argues otherwise, we conclude that the law of the case doctrine clearly controls the resolution of this appeal.[6]

---

[5] After oral argument in this case, on December 18, 2009, the Court ordered the parties to brief the issue of mootness, based on information provided during the argument. After reviewing those briefs and the record in this case, we find that mootness does not prevent consideration of this appeal.

In her supplemental brief on mootness, appellee raised a new argument based on the fugitive disentitlement doctrine – an argument that she had failed to mention previously and which this Court's order had not given her leave to raise. In response, appellant filed a motion on January 26, 2010, requesting permission to file an additional supplement brief to address the fugitive disentitlement doctrine issue raised by appellee. We hereby grant appellant's motion, and we have reviewed and considered the additional supplemental brief that appellant filed.

We find that the fugitive disentitlement doctrine was not raised as an argument at trial, and, therefore, it was not preserved for appeal. Rule 5A:18. While the circumstances upon which appellee bases her argument for application of this doctrine occurred while this appeal was pending, appellee did not ask for leave from this Court to present argument in her supplemental brief that the fugitive disentitlement doctrine applies here. Furthermore, appellee's supplemental brief was filed pursuant to an order of this Court that requested briefing only on mootness. Therefore, we find appellee's argument on the fugitive disentitlement doctrine is not properly before this Court, and, thus, we decline appellee's invitation to address the fugitive disentitlement doctrine's application to the facts in this case.

[6] The trial court addressed the substance of appellant's arguments, rather than applying the law of the case doctrine, even though appellee noted in her brief to that court that the law of

Appellant contends that this case differs from the previous line of cases because it involves registration *and* enforcement of a Vermont visitation order, not simply registration of an order as appellee requested in Miller-Jenkins II. However, this alleged distinction ignores the fact that the first case heard by this Court, Miller-Jenkins I, considered the question of whether the Virginia courts had jurisdiction to address the substance of appellant's petition for a determination of parental rights overall, given the PKPA and the Vermont court's entry of an order determining these rights as between these parties. Appellant's petition in Miller-Jenkins I essentially asked whether such an out-of-state court's order must be acknowledged and thereby enforced by the Virginia courts. 49 Va. App. at 92, 637 S.E.2d at 332. In fact, the petition that led to the decision in Miller-Jenkins I, which appellant herself filed with the Frederick County court to start the Virginia litigation between these parties, specifically asked the court to find that the parental rights afforded to appellee by the Vermont court were "'nugatory, void, illegal and/or *unenforceable*.'" Id. (emphasis added).

In addition, as the Supreme Court of Virginia held in Miller-Jenkins II, a subsequent appeal (such as the one here) need not involve the exact same line of litigation, as long as the parties and issues are identical to those in the previous case. 276 Va. at 26-27, 661 S.E.2d at 826. In this appeal, the same parties and issues are involved as those parties and issues that were present in Miller-Jenkins I and Miller-Jenkins II. The Supreme Court in Miller-Jenkins II repeatedly stated that, although Miller-Jenkins I may well have quite limited applicability in cases involving other parties, it *is* the law of the case for custody and visitation matters between these parties. Id. at 26-28, 661 S.E.2d at 826-27; see also id. at 28-29, 661 S.E.2d at 827-28

---

the case doctrine applied here, pursuant to Miller-Jenkins II, and the trial court acknowledged that these issues had been resolved by previous appeals. Despite this approach by the trial court, we specifically base our ruling only on the law of the case doctrine, following the instructions of the Supreme Court in Miller-Jenkins II.

(Hassell, C.J., concurring) (noting that although he did not agree with the decision in Miller-Jenkins I, appellant had "failed to perfect an appeal" and so the Supreme Court could not review that decision. Thus, "the law of the case doctrine prohibit[ed] this Court from considering the merits of the former appeal in this proceeding."). Appellant makes the same basic arguments on appeal here as she made in Miller-Jenkins I and Miller-Jenkins II. Even appellant's argument based on the Virginia Marriage Amendment was addressed previously when the Supreme Court of Virginia found that appellant had not preserved her right to make this argument in Miller-Jenkins II.[7] 276 Va. at 27, 661 S.E.2d at 826-827. Thus, all of the arguments raised by appellant have been raised by her in the previous incarnations of this case.

The Supreme Court very clearly stated in Miller-Jenkins II that the Virginia courts may not "reach the merits of the underlying issues" previously raised by appellant in related litigation in order to invalidate a Vermont custody and/or visitation order regarding I.M.J. because those issues were addressed in Miller-Jenkins I. Id. at 28, 661 S.E.2d at 827. Therefore, as mandated by the Supreme Court in Miller-Jenkins II, we find that the law of the case doctrine applies in this appeal, and requires that we affirm the trial court's order to register and enforce the Vermont visitation order.

IV. CONCLUSION

For the above reasons, we find that the Supreme Court of Virginia has clearly directed that the doctrine of the law of the case, as between these parties and involving the issues raised

---

[7] Similarly, appellant did not preserve her right to argue based on the PKPA, the DOMA, and the MAA in Miller-Jenkins II because she failed to properly note her appeal of Miller-Jenkins I to the Supreme Court of Virginia. Miller-Jenkins II, 276 Va. at 24, 661 S.E.2d at 825.

again by appellant, requires that this Court affirm the trial court's decision to require registration and enforcement of the November 7, 2008 Vermont order directing visitation with the child.

<u>Affirmed.</u>