COURT OF APPEALS OF VIRGINIA


Present:   Judges Kelsey, Petty and Senior Judge Bumgardner


AJAI KUMAR SANDHIR

v.      Record No. 2616-09-4

NEETA AHUJA-SANDHIR, N/K/A
   NEETA AHUJA

MEMORANDUM OPINION[*]
PER CURIAM
AUGUST 17, 2010


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Jonathan C. Thacher, Judge

(Ajai Sandhir, *pro se*, on brief).

(Sarah Ann Piper; The Maddox Law Firm, P.C., on brief), for
appellee.


Ajai Sandhir appeals from an order awarding attorney's fees and costs to Neeta Ahuja.

Sandhir argues that the trial court erred in modifying visitation at a previous hearing. He contends

the ends of justice require a modification of the visitation and that the trial court abused its

discretion and acted in a retaliatory fashion against him. Sandhir also asserts that the guardian *ad*

*litem* (GAL) has a conflict of interests and that he had ineffective counsel. Lastly, he argues that the

statement of facts from a prior hearing is incomplete and its omissions are substantial and material.

Ahuja contends Sandhir's appeal is frivolous and requests an award of attorney's fees and costs

incurred on appeal.[1]  Upon reviewing the record and briefs of the parties, we conclude that this

appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See

Rule 5A:27.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Ahuja filed a motion to dismiss due to problems with the filing of Sandhir's brief. We
deny the motion to dismiss.

BACKGROUND

On February 12, 2008, the trial court entered an order modifying the visitation schedule, reappointing the GAL, and setting a review date of May 29, 2008. On May 29, 2008, the trial court entered an order clarifying the visitation. The trial court also ordered that the GAL remain involved and that Sandhir pay the GAL fees. Sandhir also was ordered to pay $5,000 toward Ahuja's attorney's fees. Sandhir appealed.

On appeal, Sandhir argued that the trial court erred in (1) involving the GAL, re-appointing him, and considering his report when he had not met or spoken with Sandhir; (2) not considering or mentioning any of the factors in Code § 20-124.3 when it modified visitation; and (3) awarding attorney's fees to Ahuja and ordering Sandhir to pay the GAL fees. On June 16, 2009, this Court affirmed the trial court's ruling and remanded the case to the trial court to determine a reasonable award of attorney's fees and costs incurred by Ahuja in the appeal. See Sandhir v. Ahuja-Sandhir, No. 1546-08-4 (Va. Ct. App. June 16, 2009).

On October 22, 2009, the trial court ordered Sandhir to pay $16,831.95 of Ahuja's attorney's fees and costs. This appeal arises from the October 2009 order.

ANALYSIS

Law of the case

Sandhir's arguments on appeal focus on the previous visitation orders. Throughout his opening brief, Sandhir refers to prior hearings. Sandhir repeatedly cites to the March 6, 2009 transcript regarding the statement of facts for the May 29, 2008 hearing. He argues that the attorneys and judge could not recall the facts from the May 29, 2008 hearing, so the statement of facts relating to that hearing is incorrect. He does not suggest that the statement of facts for the October 22, 2009 hearing is incorrect. In addition, Sandhir makes the same argument regarding the GAL as he did in his prior appeal to this Court. Furthermore, Sandhir contends his attorney

made false statements at a hearing on December 12, 2007, but there are no citations to incidents occurring at the October 22, 2009 hearing.

All of Sandhir's arguments concern prior hearings and orders from which he already has appealed. Therefore, the law of the case doctrine applies, and we will not address Sandhir's arguments.

Under the law of the case doctrine,

> "[when] there have been two appeals in the same case, between the same parties, and the facts are the same, nothing decided on the first appeal can be re-examined on a second appeal. Right or wrong, it is binding on both the trial court and the appellate court, and is not subject to re-examination by either. For the purpose of that case, though only for that case, the decision on the first appeal is the law."

Miller-Jenkins v. Miller-Jenkins, 276 Va. 19, 26, 661 S.E.2d 822, 826 (2008) (quoting Steinman v. Clinchfield Coal Corp., 121 Va. 611, 620, 93 S.E. 684, 687 (1917)). "Pursuant to the 'law of the case' doctrine, when a party fails to challenge a decision rendered by a court at one stage of litigation, that party is deemed to have waived her right to challenge that decision during later stages of the 'same litigation.'" Id. (citing Kondaurov v. Kerdasha, 271 Va. 646, 658, 629 S.E.2d 181, 188 (2006)).

Accordingly, based on the law of the case doctrine, we will not consider Sandhir's questions presented.

Reasonableness of fees

In his argument alleging that the trial court abused its discretion, Sandhir mentions that the amount of Ahuja's attorney's fees was unreasonable. He questions whether it was necessary to retain an expert to testify about the reasonableness of the attorney's fees at the October 2009 hearing.

The statement of facts specifically states, "Defendant's [Sandhir] counsel did not dispute the reasonableness of either the fees incurred by Plaintiff [Ahuja] on appeal or the reasonableness of the hourly rate of Plaintiff's counsel." There were no objections to the amount of the award for Ahuja's attorney's fees on the final order.

Rule 5A:18 provided "No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."

Since Sandhir did not object to the attorney's fees award at the trial court level, Rule 5A:18 applies.

### Attorney's Fees and Costs

Ahuja asks this Court to award her attorney's fees and costs incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Having reviewed and considered the entire record in this case, we hold that Ahuja is entitled to a reasonable amount of attorney's fees and costs, and we remand for the trial court to set a reasonable award of attorney's fees and costs incurred by her in this appeal.

### CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27. This case is remanded to the trial court for a determination and award of the appropriate appellate attorney's fees and costs incurred by Ahuja.

Affirmed and remanded.